[No. A023913. First Dist., Div. Three. Nov. 29, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
JOEL VICTOR GUTIERREZ, Defendant and Appellant.

COUNSEL

Michael J. Wong, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Thomas A. Brady and Ronald E. Niver, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**SCOTT, J.**—Joel Victor Gutierrez appeals from a judgment of conviction for burglary. He contends that the trial court erred in denying his motion to suppress certain evidence found on his person at the time of his arrest for driving under the influence of an alcoholic beverage or drug. We affirm the judgment.

At about 2:40 a.m. on January 1, 1983, Pinole Police Officer Mark Farnsworth observed a moving vehicle with several apparent mechanical violations of the Vehicle Code (broken headlight and taillight, bald tires). As he followed the car, he noticed that it was weaving from side to side within its lane of traffic. Officer Farnsworth stopped the car and asked the driver,

appellant Gutierrez, to perform several field sobriety tests. From the tests and statements made by appellant, the officer determined that appellant was under the influence of either alcohol or drugs. Farnsworth placed appellant under arrest.

The officer noticed that while appellant was performing the sobriety tests, he repeatedly put his right hand into his right front pants pocket. Appellant continued to do this even after being asked to stop. After placing appellant under arrest, Farnsworth conducted a custodial search of appellant. In appellant's right front pants pocket, the officer discovered a plastic baggie of marijuana; he also found a small cardboard box which appeared to be a pillbox. Believing it to contain more contraband, the officer opened it and discovered several pieces of jewelry, some evidently of high value. At first, appellant said that the jewelry belonged to his wife. As he was being put into the patrol car, appellant started to cry and said, "Okay, I'll give them back." After completion of booking at the police station, Farnsworth advised appellant of his *Miranda* rights. Appellant waived his rights and admitted entering Jean Wrightman's house and stealing the jewelry. Thereafter, the jewelry was identified as having been stolen from Wrightman.

■ Appellant argues that the warrantless search of the closed cardboard box found on his person at the time of his arrest was illegal and that the trial court erred in refusing to suppress the evidence discovered inside the box. We disagree. ■ This case is governed by article I, section 28, subdivision (d) of the state Constitution, since it arises out of facts occurring after the passage by the electorate of Proposition 8. (*People* v. *Smith* (1983) 34 Cal.3d 251 [193 Cal.Rptr. 692, 667 P.2d 149].) Consequently, California decisional law which would exclude relevant evidence under our state Constitution is inapplicable here; only that evidence which was illegally obtained under *federal* constitutional standards must now be suppressed in California courts. (*People* v. *Truer* ■(Cal.App.).)[1]

■ Under applicable federal law, a lawful custodial arrest creates a situation which justifies the full contemporaneous search without a warrant of the person arrested and of the immediately surrounding area. Such searches are considered valid because of the need to remove weapons and

---

[1]In his reply brief, appellant urges that by twice reenacting Penal Code section 1538.5 in its entirety by a two-thirds vote, the California Legislature has in fact modified Proposition 8 and restored independent state grounds as a basis for the exclusion of evidence. Appellant cites absolutely no evidence to support an inference that the Legislature actually intended to abrogate the "Right to Truth-in-Evidence" provision of Proposition 8 (Cal. Const., art. I, § 28, subd. (d)). Without a clear manifestation of legislative intent to effect such a drastic and dramatic change in the scope and meaning of the state Constitution, we decline to find that the language of article I, section 28, subdivision (d), has been so totally eviscerated.

to prevent the concealment or destruction of evidence. (*United States* v. *Robinson* (1973) 414 U.S. 218, 235 [38 L.Ed.2d 427, 440, 94 S.Ct. 467]; *Chimel* v. *California* (1969) 395 U.S. 752, 763 [23 L.Ed.2d 685, 694, 89 S.Ct. 2034].) Although appellant acknowledges this precedent, he insists that the officer's opening of the closed "pillbox" extended the warrantless search beyond its permissible scope. However, the only relevant case cited by appellant, *United States* v. *Chadwick* (1977) 433 U.S. 1 [53 L.Ed.2d 538, 97 S.Ct. 2476], is clearly distinguishable. *Chadwick* did not involve a search incident to an arrest. The warrantless search of a locked footlocker seized from the trunk of an automobile and conducted long after the arrestees were securely in custody "cannot be viewed as incidental to the arrest or as justified by any other exigency." (*Chadwick, supra,* 433 U.S. at p. 15 [53 L.Ed.2d at p. 551].)

The instant case is controlled by *New York* v. *Belton* (1981) 453 U.S. 454 [69 L.Ed.2d 768, 101 S.Ct. 2860]. There, the Supreme Court upheld a search of the zipped pocket of a jacket found in the back seat of a car, finding that the search was incident to the arrest and "[did] not stray beyond the area within the immediate control of the arrestee." (*Id.,* at p. 460 [69 L.Ed.2d at p. 774].) "It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment [of the vehicle], for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach. [Citations.] Such a container may, of course, be searched whether it is open or closed, since the justification for the search is not that the arrestee has no privacy interest in the container, but that the lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have." (*Id.,* at pp. 460-461, fn. omitted [69 L.Ed.2d at p. 775].) The court noted that for its purposes "container" denotes "any object capable of holding another object. It thus includes closed or open glove compartments, . . . as well as luggage, boxes, bags, clothing, and the like." (*Id.,* at pp. 460-461, fn. 4 [69 L.Ed.2d at p. 775].)

Appellant's attempt to limit the scope of *Belton* to automobile searches is without merit. The Supreme Court based its decision squarely on the legality of searches incident to arrest, and not on the law relating to vehicular searches. (*Id.,* at pp. 457-463 [69 L.Ed.2d at pp. 772-776].) If the search of a closed container in the back seat of the automobile is lawful so long as it is made incident to the arrest of the car's occupants, certainly the search of a closed container on the driver's person is even more clearly lawful.

In view of our decision, it is unnecessary to consider the subsidiary question of whether the search of the container could be justified as an "accelerated booking search."

The judgment is affirmed.

Barry-Deal, J., concurred.

White, P. J., concurred in the judgment only.

Appellant's petition for a hearing by the Supreme Court was denied January 31, 1985. Reynoso, J., was of the opinion that the petition should be granted.