[No. F005910. Fifth Dist. Jan. 23, 1987.]

THE PEOPLE, Plaintiff and Appellant, v.
RITA ARLENE BOREN, Defendant and Respondent.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part I.

■■■■■■
■■■■■■■

COUNSEL

John K. Van de Kamp, Attorney General, Robert D. Marshall and Michael T. Garcia, Deputy Attorneys General, for Plaintiff and Appellant.

Richard L. Phillips, under appointment by the Court of Appeal, for Defendant and Respondent.

OPINION

BEST, J.—The People appeal the superior court's denial of their motion pursuant to Penal Code[1] section 871.5 to reinstate the complaint charging defendant with possession of phencyclidine (PCP) in violation of Health and Safety Code section 11377. We reverse.

### THE CASE

Defendant was charged by complaint filed in the Stanislaus Municipal Court with a violation of Health and Safety Code section 11377, possession of PCP. At defendant's preliminary hearing, the magistrate granted defendant's motion to suppress evidence found at booking for failure to comply with section 647, subdivision (ff), and dismissed the complaint. A second complaint charging defendant with the same crime was then filed. The preliminary hearing on this complaint was submitted on the transcript of the first preliminary hearing. Once again, the magistrate granted defendant's motion to suppress and dismissed the complaint. The People's motion to reinstate the complaint was then denied by the superior court.

### THE FACTS

On February 14, 1985, at 11:50 p.m., Officer Paul Owen of the Modesto Police Department was on routine patrol when his attention was drawn to defendant because she appeared to be very unsteady on her feet and was stumbling as she walked. Officer Owen stopped, got out of his patrol car and asked defendant if she was ill. He noticed that defendant's eyes were red, watery and bloodshot; her speech was slow, thick and slurred; she was unsteady on her feet; and she had a moderate odor of alcohol on her breath. When asked where she lived, defendant pointed toward a nonresidential area. She was unable to give her address; however, her attitude was cooperative and she admitted she had had too much to drink.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

Officer Owen then placed defendant under arrest pursuant to section 647, subdivision (f),[2] and transported her to the women's jail facility where he booked her under section 849, subdivision (b)(2), so she could be released when she became sober.

During booking, six cigarettes containing PCP were removed from defendant's pants pockets and one from her jacket pocket. Although Stanislaus County had a detoxification center designated pursuant to Welfare and Institutions Code section 5170, Officer Owen did not place defendant there as required by section 647, subdivision (ff),[3] because he thought the center was full. He testified, however, that the only way he could have known the center was full was by calling his dispatcher which, it was later established, he did not do.

DISCUSSION

Defendant's motion to suppress evidence was based on the fact that she was arrested and subjected to a booking search for violating section 647, subdivision (f). She argued the arrest and search were improper because, under the provisions of section 647, subdivision (ff), she should have been placed into civil protective custody and transported to an appropriate detoxification center. When the district attorney was not able to introduce any evidence to explain why the police officer did not take defendant to the detoxification facility in Stanislaus County, the magistrate granted defendant's motion to suppress evidence for failure to comply with section 647, subdivi-

---

[2]Section 647 provides in pertinent part: "Every person who commits any of the following acts is guilty of disorderly conduct, a misdemeanor:

" . . . . . . . . . . . .

"(f) Who is found in any public place under the influence of intoxicating liquor, . . . in such a condition that he or she is unable to exercise care for his or her own safety or the safety of others, . . . ."

[3]Subdivision (ff) of section 647 provides: "When a person has violated subdivision (f) of this section, a peace officer, if he or she is reasonably able to do so, shall place the person, or cause him or her to be placed, in civil protective custody. Such person shall be taken to a facility, designated pursuant to Section 5170 of the Welfare and Institutions Code, for the 72-hour treatment and evaluation of inebriates. A peace officer may place a person in civil protective custody with that kind and degree of force which would be lawful were he or she effecting an arrest for a misdemeanor without a warrant. No person who has been placed in civil protective custody shall thereafter be subject to any criminal prosecution or juvenile court proceeding based on the facts giving rise to such placement. This subdivision shall not apply to the following persons:

"(1) Any person who is under the influence of any drug, or under the combined influence of intoxicating liquor and any drug.

"(2) Any person who a peace officer has probable cause to believe has committed any felony, or who has committed any misdemeanor in addition to subdivision (f) of this section.

"(3) Any person who a peace officer in good faith believes will attempt escape or will be unreasonably difficult for medical personnel to control."

sion (ff). At the subsequent preliminary hearing and the motion in the superior court to compel reinstatement of the complaint, the People argued the search of defendant was proper pursuant to the federal *Robinson-Gustafson*[4] rule. This argument was twice rejected.

I*

. . . . . . . . . . . . . . . . . . . .

II

We now address the only theory urged by the People both below and on appeal to justify the search of defendant and the discovery and seizure of the PCP-laced cigarettes: that *People* v. *Longwill* (1975) 14 Cal.3d 943 [123 Cal.Rptr. 297, 538 P.2d 753] is not applicable to this case. In *Longwill,* our Supreme Court held that full body searches of persons arrested for public intoxication were forbidden until such time as they were actually to be incarcerated. (*Id.* at p. 952.) Specifically, the Attorney General states, "[T]he trial court committed error and *Longwill* does not control this matter because: . . . the determinative factor in federal law which allows such a search is a lawful arrest and not the eventual type of custody an arrestee is to be placed."

We agree that under *In re Lance W.* (1985) 37 Cal.3d 873 [210 Cal.Rptr. 631, 694 P.2d 744], the federal *Robinson-Gustafson* rule is now the law of California supplanting the holding in *Longwill.* "Proposition 8 . . . eliminate[s] a judicially created *remedy* for violations of the search and seizure provisions of the federal or state Constitutions, through the exclusion of evidence so obtained, except to the extent that exclusion remains federally compelled." (*In re Lance W., supra,* at pp. 886-887; *People* v. *Sanchez* (1985) 174 Cal.App.3d 343, 347 [220 Cal.Rptr. 53].)

In *United States* v. *Robinson, supra,* 414 U.S. 218, the United States Supreme Court held a police officer has the unqualified authority to conduct a full body search incident to a lawful arrest. The court noted that the justification for a search incident to a lawful arrest is normally the disarming of the suspect before taking him into custody and the preservation of evidence on his person for later use at trial. (*Id.* at p. 234 [38 L.Ed.2d at P. 440].) It further noted that an officer's decision in the field to search, being a quick ad hoc judgment, should not have to depend on what a "court may later decide was the probability in a particular arrest situation that weapons or

---

[4]*United States* v. *Robinson* (1973) 414 U.S. 218 [38 L.Ed.2d 427, 94 S.Ct. 467]; *Gustafson* v. *Florida* (1973) 414 U.S. 260 [38 L.Ed.2d 456, 94 S.Ct. 488].

*See footnote, *ante,* page 1171.

evidence would in fact be found upon the person of the suspect. A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification. It is the fact of the lawful arrest which establishes the authority to search, and we hold that in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment." (*Id.* at p. 235 [38 L.Ed.2d at pp. 440-441].)

The rule announced in *Robinson* was applied in *Gustafson* v. *Florida* to a factual situation similar to the facts at bar. In *Gustafson,* the petitioner was placed under arrest for failure to have his operator's license in his possession. The officer thereafter took petitioner into custody in order to transport him to the station for further inquiry. The police officer then conducted a full body search and found marijuana in petitioner's pocket. The petitioner argued that the principles in *Robinson* were not applicable because the offense for which he was arrested carried no mandatory jail sentence, and the officer was not required to take him into custody. The Supreme Court rejected this argument. It held that because petitioner had been lawfully arrested and taken into custody, the officer had a right to make a full search of petitioner's person incident to that lawful arrest. (*Gustafson* v. *Florida, supra,* 414 U.S. at pp. 265-266 [38 L.Ed.2d at pp. 461-462].)

Defendant contends that the *Robinson-Gustafson* rule can have no application in the present case because "the California Legislature has explicitly provided that a person detained pursuant to Penal Code section 647(ff) is not arrested but instead is 'place[d] . . . in civil protective custody . . . .' "

■ However, this court has impliedly stated that section 647, subdivision (ff), does not preclude an arrest: "If the police determine probable cause exists for believing a person comes within the provisions of subdivision (f) and the police decide to arrest that person, then and only then must they also decide the appropriateness of taking that person to a treatment facility. . . . the duty is to only make a reasonable decision concerning the appropriate disposition of a lawfully arrested drunk." (*Stout* v. *City of Porterville* (1983) 148 Cal.App.3d 937, 946-947, fn. omitted [196 Cal.Rptr. 301].)

We are of the opinion that any other construction of section 647, subdivision (ff), would be unreasonable. This section provides an officer shall place an intoxicated person in civil protective custody only if he is reasonably able to do so. A good faith determination of the appropriateness of taking a person to a detoxification facility usually can be made only after the officer

determines there is probable cause to believe that person comes within the provisions of section 647, subdivision (f), and after the person is taken into custody. The police officer's action in taking a person into custody on suspicion of violating section 647, subdivision (f), would constitute an arrest under the following case and statutory law defining an arrest.

Section 834 provides, "An arrest is taking a person into custody, in a case and in the manner authorized by law . . . ." ■ The essential elements of an arrest are: "(1) taking a person into custody; (2) actual restraint of the person or his submission to custody. [Citations.]" (*People* v. *Hatcher* (1969) 2 Cal.App.3d 71, 75 [82 Cal.Rptr. 323].) Also, section 836 provides in part, "A peace officer may . . . without a warrant, arrest a person: 1. Whenever he has reasonable cause to believe that the person to be arrested has committed a public offense in his presence."

■ Furthermore, nothing in the express language of section 647, subdivision (ff), indicates the Legislature intended to abrogate arrests for violators of the public intoxication statute. The sole purpose of section 647, subdivision (ff), as recognized by numerous cases, is to promote the treatment of public inebriates as invalids rather than criminals. This purpose is implemented by not subjecting the public inebriate to a criminal prosecution, and instead, placing him in civil protective custody in a detoxification facility. An officer's initial arrest in no way interferes with the purpose of subdivision (ff), since after the arrest is effected, the person may be taken to a detoxification center for treatment.

■ In the present case, Officer Owen had reasonable cause to believe that defendant was violating section 647, subdivision (f), in his presence, and defendant does not contend otherwise. Officer Owen testified that he placed defendant under arrest for violating section 647, subdivision (f). Certainly, the arrest was lawful when made and would not be invalidated by a subsequent determination that defendant qualified for placement in civil protective custody in a treatment facility pursuant to subdivision (ff).

Having concluded the arrest was lawful, it follows that Officer Owen was authorized to conduct a full body search of defendant. However, defendant being a female, it was only reasonable that Officer Owen not conduct this search in the field, but rather have the search conducted by a female officer at the women's jail. The delay would not, in any event, invalidate the search.

In *United States* v. *Edwards* (1974) 415 U.S. 800 [39 L.Ed.2d 771, 94 S.Ct. 1234], a defendant was arrested and charged with attempting to break into a post office. He was taken to jail and placed in a cell. Shortly thereafter, the police discovered paint chips around a window at which the attempted

burglary was made. The next morning, the police seized defendant's clothes and searched them finding paint chips.

The *Edwards* court upheld the validity of the warrantless search at the jail although it had occurred approximately 10 hours after the arrest. The court first noted that when a person is arrested, a search incident to the arrest may be made when searching for weapons, instruments of escape and evidence of crime. (*United States* v. *Edwards, supra,* 415 U.S. 800, 802-803 [39 L.Ed.2d 771, 775-776].) The *Edwards* court then stated, "It is also plain that searches and seizures that could be made on the spot at the time of arrest may legally be conducted later when the accused arrives at the place of detention." The court held the seizure at the jail was simply taking from defendant the articles in his possession that constituted evidence of the crime. "This was and is a normal incident of a custodial arrest, and reasonable delay in effectuating it does not change the fact that Edwards was no more imposed upon than he could have been at the time and place of the arrest or immediately upon arrival at the place of detention." (*Id.* at p. 805 [39 L.Ed.2d at p. 777].)

While Officer Owen failed to comply with section 647, subdivision (ff), when he took defendant to the women's jail for detention rather than the detoxification center, this failure did not result in a violation of defendant's Fourth Amendment constitutional rights. Hence, the evidence discovered at the booking search should not have been suppressed.

The order denying reinstatement of the complaint is reversed.

Hamlin, Acting P. J., and Ballantyne, J., concurred.

A petition for a rehearing was denied February 20, 1987, and respondent's petition for review by the Supreme Court was denied April 15, 1987.