[No. A041089. First Dist., Div. One. Mar. 23, 1989.]

In re DEMETRIUS A., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
DEMETRIUS A., Defendant and Appellant.

COUNSEL

Ralph M. Paterno for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, David D. Salmon and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**STEIN, J.**—Following the denial of his motion to suppress evidence, Demetrius A., a juvenile, admitted that he had possessed a controlled substance, cocaine, in violation of Health and Safety Code section 11350. He was

thereafter adjudged a ward of the court for a maximum period of three years.

Defendant appeals from the judgment declaring him a ward of the court. The following issues are raised:

1. Was the seizure of the cocaine unlawful under the general principles of *People* v. *Longwill* (1975) 14 Cal.3d 943 [123 Cal.Rptr. 297, 538 P.2d 753]?

2. If so, is *Longwill* still applicable in light of Proposition 8? (See *People* v. *Sanchez* (1985) 174 Cal.App.3d 343 [220 Cal.Rptr. 53]; *People* v. *Boren* (1987) 188 Cal.App.3d 1171 [233 Cal.Rptr. 859].)

We conclude that the seizure in question was not unlawful and the motion to suppress was properly denied.

At approximately 1 a.m., a police officer, who had earlier told defendant to go home because it was past curfew, noticed him again, standing outside an apartment complex. The officer became suspicious that a burglary might be in progress or had just been completed, or that defendant might be engaged in some form of malicious mischief. He briefly questioned defendant and then arrested him for prowling. The officer intended to place defendant in the patrol car, take him home, and release him to his parents. He handcuffed him and searched him, discovering cocaine in one of defendant's pockets. Defendant was thereafter charged with the possession of cocaine.

■ Prior to the passage of Proposition 8, the evidence of the cocaine would have been suppressed under *People* v. *Longwill, supra,* 14 Cal.3d 943 (overruled on other grounds in *People* v. *Laiwa* (1983) 34 Cal.3d 711, 728 [195 Cal.Rptr. 503, 669 P.2d 1278]), where it was held that a full body search of a defendant who was not necessarily going to be incarcerated was impermissible under California Law (*Id.,* at p. 952; and see, also, *People* v. *Maher* (1976) 17 Cal.3d 196, 199, 203 [130 Cal.Rptr. 508, 550 P.2d 1044].) In so holding, the state's high court specifically refused to adopt the federal *Robinson-Gustafson* rule. (*United States* v. *Robinson* (1973) 414 U.S. 218 [38 L.Ed.2d 427, 94 S.Ct. 467]; *Gustafson* v. *Florida* (1973) 414 U.S. 260 [38 L.Ed.2d 456, 94 S.Ct. 488].) ■ Since the passage of Proposition 8, judicially created remedies such as the exclusion of evidence, may no longer be used for violations of the state or federal Constitutions' search and seizure provisions except as those exclusions exist under federal law. (*In re Lance W.* (1985) 37 Cal.3d 873, 887 [210 Cal.Rptr. 631, 694 P.2d 744].) Accordingly, we look to the once rejected *Robinson-Gustafson* rule to determine if the evidence at issue should have been suppressed.

■ In *United States* v. *Robinson, supra,* 414 U.S. 218, the court held that a full body search might properly be made as an incident to a lawful arrest. "It is the fact of the lawful arrest which establishes the authority to search, and we hold that in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that amendment." (*Id.,* at p. 235 [38 L.Ed.2d at p. 441].) The rule was applied in *Gustafson* v. *Florida, supra,* 414 U.S. 260, where the defendant had been arrested and transported to the police station for further inquiry. It was held that having lawfully arrested the defendant and taken him into custody, the police were entitled to fully search him. (*Id.,* at pp. 261-262 [38 L.Ed.2d at p. 459].)

■ Here there is no question but that the police officer lawfully arrested defendant. Nor is there any question but that defendant was taken into custody, albeit only for transportation to his home. The search was therefore permissible under the *Robinson-Gustafson* rule, and accordingly lawful in California. (See *People* v. *Sanchez, supra,* 174 Cal.App.3d at pp. 347-348 and *People* v. *Boren, supra,* 188 Cal.App.3d at pp. 1175-1177.)

Defendant argues that the *Robinson-Gustafson* rule should not apply where, as here, the arresting officer had no intention of booking the defendant. We disagree. As the court stated in *Robinson,* "The justification or reason for the authority to search incident to a lawful arrest rests quite as much on the need to disarm the suspect in order to take him into custody as it does on the need to preserve evidence on his person for later use at trial." (*United States* v. *Robinson, supra,* 414 U.S. at p. 234 [38 L.Ed.2d at pp. 439-440].) Moreover, the court found that the issue was the nature of the intrusion: once the intrusion of the custodial arrest has been made and is found lawful, "a search incident to the arrest requires no additional justification." (*Id.,* at p. 235 [38 L.Ed.2d at p. 441].)

Thus, the lawfulness of the search turns not on whether the officer intended to release the defendant after having taken him into custody, but on whether the officer was justified in arresting the defendant and taking him into custody in the first place. As noted, there is no issue here but that defendant was lawfully arrested and lawfully taken into custody. His subsequent search therefore was also lawful.

The judgment is affirmed.

Racanelli, P. J. and Newsom, J., concurred.

A petition for a rehearing was denied April 20, 1989.