[No. A090936. First Dist. Div. One. Mar. 8, 2001.]

In re IAN C., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
IAN C., Defendant and Appellant.

**COUNSEL**

Sarah F. Pattison, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Gerald A. Engler and George F. Hindall III, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**STRANKMAN, P. J.**—The police detained appellant Ian C. for violating a city's age-based curfew ordinance and transported him to a "curfew center" facility to await notification of his parents and their arrival at the facility where he would be released to them. The police searched appellant before placing him in the curfew center with other children, and found packets of marijuana and a large amount of cash in his sock and shoe. Appellant was arrested and a wardship petition was filed charging appellant with possessing marijuana for sale. (Health & Saf. Code, § 11359; Welf. & Inst. Code, § 602,

subd. (a).) Appellant failed in his efforts to suppress the seized evidence, and the juvenile court sustained the petition. Appellant renews his challenge to the detention and search. We affirm the order.

FACTS

On July 11, 1999, just after midnight, San Jose Police Officer Mark Efigenio and another officer stopped a group of seven young people loitering in an area known for drug trafficking. The group included several minors, including 16-year-old appellant. The minors were detained for being in violation of curfew, and Officer Efigenio drove them to the local curfew center for notification of their parents and release. The officer testified that the police may either take minors to the curfew center to await their parents' arrival, or return the minors home if they live a "reasonable distance from the stop."

The curfew center is located in a senior community center. Officer Efigenio explained that the curfew center operates as "a processing center where the minors' biographical information is obtained, who they live with, and attempts are made to contact the parent to come down to the center and take custody of the child." Minors are not booked, photographed or finger-printed. Police officers are posted at the center, and search the minors before they are admitted into the detention room. The routine search is conducted pursuant to guidelines and is a "patdown," never a strip search. Officer Efigenio testified that the search is for the safety of the officers and minors to insure that the children are in a "safe environment." "[A] search is done to insure the safety of all the minors who are detained at that facility to insure no weapons or contraband goes into the main population where other minors are being detained." The curfew center typically handles 20 to 30 minors on a summer night.

At the curfew center, an officer searched appellant. The officer instructed appellant to raise his pant legs, which were very long and baggy. The officer saw a "suspicious bulge" in appellant's sock, and removed four small bags of marijuana stuffed in the sock. The police then found $515 in appellant's shoe, in $5, $10 and $20 denominations. The marijuana was packaged in several one gram bags and a single half-gram bag. Marijuana is commonly sold in a one-gram "dime bag" for $10. Appellant also had a pager showing five pages containing the number "420," which signifies an inquiry from a prospective drug buyer. Appellant waived his right to remain silent and told the police that the number "420 on his pager was from people probably looking for bud," but then said that he would only lead them to a seller.

A wardship petition was filed charging appellant with possessing mari-juana for sale. (Health & Saf. Code, § 11359; Welf. & Inst. Code, § 602,

subd. (a).) Appellant moved to suppress evidence upon the claim that a search of a juvenile detained for a curfew violation is unreasonable. The juvenile court denied the motion and found that appellant possessed marijuana for sale. Jurisdiction over appellant, a Hayward resident, was transferred from Santa Clara County to Alameda County. Appellant was adjudged a ward of the court and placed on home probation.

## DISCUSSION

It is undisputed that the police properly detained appellant for violating curfew. Appellant does not deny that San Jose has a curfew prohibiting minors from being in public places late at night, and that he was loitering on a public street after curfew. (San Jose Mun. Code, § 10.28.110(B).) Appellant also concedes that a police officer may take a minor into temporary custody for violating curfew. (Welf. & Inst. Code, §§ 601, subd. (a), 625, subd. (a) [all further statutory references are to this code].) Appellant's complaint is that the police searched appellant at the curfew center where minors await release to their parents.

The detention at the curfew center was legal. A police officer who takes a minor into temporary custody for a curfew violation may release the minor; deliver or refer the minor to an agency for shelter, counseling or other services; issue a notice to appear before a probation officer and release the minor; or take the minor to a probation officer. (§ 626.) In choosing among these possible dispositions, the officer "shall prefer the alternative which least restricts the minor's freedom of movement, provided that alternative is compatible with the best interests of the minor and the community." (*Ibid.*)

A police officer's "release" of a curfew violator is reasonably conditioned upon releasing the minor to a responsible adult. Nothing in section 626 mandates the release of an unsupervised child back onto the streets where he or she would continue to be in violation of curfew. Rather, the police may hold a curfew violator in temporary custody until a parent or other responsible adult is contacted and arrives to take charge of the minor. Nor does the statute require that the police transport the curfew violator home or telephone the minor's parent and await the parent's arrival at the public place where the minor was originally detained. While a police officer who apprehends a curfew violator "shall prefer the alternative which least restricts the minor's freedom of movement," that alternative must also be "compatible with the best interests of the minor and the community." (§ 626.) A community's interest in effective law enforcement would be ill-served by reducing police officers to chauffeurs and babysitters for wayward children.

The police may, consistent with section 626, transport a minor to a curfew center, police station, or other facility where the minor can await the arrival

of a parent or other responsible adult. The Welfare and Institutions Code elsewhere provides that a minor taken into custody for a curfew violation may be held in a secure facility for up to 24 hours "in order to locate the minor's parent or guardian as soon as possible and to arrange the return of the minor." (§§ 207, subd. (b)(2), 601, subd. (a).) While section 626 favors release of a curfew violator taken into temporary custody, the minor may be held in a secure facility until the minor's parent or guardian is located and arrives to claim the minor.

The search was also proper. Appellant was taken into temporary custody, which is equivalent to an arrest. (§§ 601, subd. (a), 625, subd. (a); *In re Thierry S.* (1977) 19 Cal.3d 727, 734, fn. 6 [139 Cal.Rptr. 708, 566 P.2d 610].) A search incident to an arrest is proper even if the police officer plans to release the arrestee without booking him or her. (*In re Demetrius A.* (1989) 208 Cal.App.3d 1245, 1247-1248 [256 Cal.Rptr. 717].) Appellant argues for a distinction between an arrest and temporary custody. However, our Supreme Court finds "no meaningful difference between characterization of [a] detention as an 'arrest' or 'temporary custody.' " (*In re Thierry S., supra,* at p. 734, fn. 6.) Nor do we find a meaningful difference between "temporary custody" for a curfew violation and "temporary custody" for the misdemeanor violation at issue in *In re Thierry S.* The justification for a search incident to an arrest or temporary custody (whatever the basis) is the same—the safety of the officers and other detainees. (See *In re Demetrius A., supra,* at p. 1248.) Having placed appellant in temporary custody, the police reasonably searched appellant before placing him in the curfew center with other children.

We are not alone in upholding the detention and search of a curfew violator. (*In re Charles C.* (1999) 76 Cal.App.4th 420, 427 [90 Cal.Rptr.2d 430].) In *In re Charles C.,* the police detained a minor on a curfew violation and, when the minor's parents could not be reached by telephone, transported the minor to the police station. (*Id.* at pp. 422-423.) The police took the minor to an interview room and conducted a search that discovered methamphetamine in the minor's pants pocket. (*Id.* at p. 423.) The court rejected the minor's claim that he was illegally detained and searched. (*Id.* at pp. 425-428.) The court found that the Welfare and Institutions Code authorizes placing curfew violators in a secure facility to arrange a parental pickup, and that a search incident to that detention is reasonable under the federal constitution. (At pp. 426-427.)

Appellant relies on an earlier case reversing a wardship order where the police transported a curfew violator to a police station and interrogated the minor about his complicity in auto burglaries. (*In re Justin B.* (1999) 69

Cal.App.4th 879, 883-885, 888-890 [81 Cal.Rptr.2d 852].) Appellant's situation is factually distinct. Appellant was not subjected to a custodial interrogation; he was simply taken to the curfew center to be detained until his parent or guardian could be located and arrangements made for his release. To the extent that *Justin B.* can be read to disallow transporting a curfew violator to a secure facility pending the minor's release to a responsible adult, we disagree with it.

DISPOSITION

The order is affirmed.

Swager, J., and Marchiano, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 13, 2001.