[No. D049778. Fourth Dist., Div. One. May 30, 2007.]

GIOVANNI B., Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
CITY OF CHULA VISTA POLICE DEPARTMENT, Real Party in Interest.

## COUNSEL

Steven J. Carroll, Public Defender, Jo Pastore and Yahairah Aristy, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Ann Moore, City Attorney, and Joan F. Dawson, Deputy City Attorney, for Real Party in Interest.

## OPINION

**McDONALD, J.**—In September 2006 the San Diego County District Attorney's Office filed a petition in juvenile court charging Giovanni B. with possession of a dirk or dagger in violation of Penal Code section 12020, subdivision (a)(4). Giovanni denied the charge.

Giovanni filed a *Pitchess*[1] motion seeking discovery of information concerning evidence of complaints that the arresting officers, Chula Vista Police Officers Trampus and Murgia, had made false statements in their reports or committed other acts of dishonesty. Giovanni asserted the information would be relevant to a motion to suppress the weapon as the product of an unlawful search and seizure. The court denied the motion without conducting an in camera review of the requested records because it concluded the requested information, even if extant and credited by a trier of fact, would not establish the defense urged by Giovanni as the basis for the *Pitchess* motion.

---

[1] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305].

Giovanni filed this petition for writ of mandate to challenge the court's denial of the *Pitchess* motion, asserting (1) he met his low burden of materiality necessary to require an in camera review of any relevant documents; (2) the court must assume his allegations are true for the purpose of the motion and he need not provide corroborating evidence to substantiate his allegations; and (3) the declaration filed in support of the motion was internally consistent. Accordingly, Giovanni asserts the trial court erred by refusing to conduct an in camera review of the requested records before denying the motion.

We issued an order to show cause and, having considered the briefs filed by the parties, conclude the trial court correctly found Giovanni did not make a sufficient showing of materiality to require an in camera review of the requested records.

I

FACTUAL AND PROCEDURAL BACKGROUND

A. *The Arrest*

Chula Vista Police Officers Trampus and Murgia, responding to a radio call concerning a disturbance at a party, arrived in separate cars shortly after midnight and observed three juveniles, of whom Giovanni was one, riding bicycles away from the area of the party. Giovanni was detained because he appeared to be underage and one of his companions fled when officers arrived. Officer Trampus's supplemental narrative report stated he contacted Giovanni and his companion while the third juvenile left the scene. Trampus allegedly noticed Giovanni's companion had blood on his arm, his clothes were dirty, he was sweating, and appeared to have been in a fight. He asked Giovanni (who also allegedly appeared sweaty and dirty) what had happened, and Giovanni allegedly told Trampus there had been a confrontation and fight at the party. Giovanni's *Pitchess* motion denied the accuracy of Trampus's observations as to the physical dishevelment of Giovanni and his companion, and denied the details of the conversation.

Murgia's narrative report stated that, when he joined Trampus to talk with Giovanni and his companion, Giovanni admitted he was 14 years old, did not work, and later admitted he was on probation. A patdown search of Giovanni, who was wearing baggy clothes consistent with the style and colors associated with a National City area gang, revealed he was carrying a screwdriver

in his front pocket. After Trampus checked Giovanni's name through the law enforcement information system and confirmed he was on probation, the officers arrested Giovanni on the charge of being in possession of a concealed weapon. Murgia also reported asking Giovanni various questions about his gang affiliations and receiving responses, but Giovanni's *Pitchess* motion denied the accuracy of Murgia's description of their conversation concerning his gang affiliations.

The arrest report stated Giovanni was detained because he appeared to be underage and one of his companions fled when police arrived, the subsequent patdown led to the discovery of the screwdriver and, because Giovanni did not work and had no legitimate reason for carrying the screwdriver, he was arrested and charged with carrying a concealed weapon.

B. *The* Pitchess *Motion*

Giovanni moved for discovery of information concerning evidence of or complaints made that the arresting officers, Trampus and Murgia, had made false statements in their reports or committed other acts of dishonesty. Giovanni argued that, under *Brant v. Superior Court* (2003) 108 Cal.App.4th 100 [132 Cal.Rptr.2d 783], a defendant may seek and obtain *Pitchess* information to support a motion to suppress when he or she asserts (1) the officer did not have any reasonable suspicion supporting the initial detention and (2) the officer's claimed basis for the initial detention was false. Under those circumstances, Giovanni argued, an officer's truthfulness is material to a motion to suppress (*Brant*, at p. 108), and satisfies the low threshold showing that requires a trial court to conduct an in camera review of the records to determine whether information relevant to the officer's veracity is available. Giovanni asserted the officers had no reasonable basis for the initial detention and the claimed bases justifying the detention—his alleged physical dishevelment and admissions of gang affiliation—were falsehoods, and therefore any information concerning the officers' veracity would be material to support Giovanni's motion to suppress. Real party in interest opposed the motion because one ground for the initial detention was that Giovanni appeared to be (and in fact was) underage and in violation of Chula Vista's curfew ordinance, which justified the initial detention, and therefore any alleged falsehoods as to collateral matters were irrelevant to a possible motion to suppress evidence.

The trial court agreed with the prosecution, stating Giovanni would have no cognizable basis for challenging the initial detention "unless you can establish you would have evidence . . . that the minor wasn't a minor or that he didn't appear under age" and specifically noting Giovanni (who was present at the *Pitchess* hearing) "certainly appears under age." The trial court ruled that because Giovanni both appeared to be and was underage and in violation of curfew, the initial detention (and the patdown search attendant to the stop) would constitutionally be permissible, and the lack of veracity of any other of the officers' claimed observations was immaterial to a motion to suppress. Accordingly, the court denied the motion without conducting an in camera review of the records.

Giovanni filed this petition for a writ of mandate, seeking to set aside the court's order and directing the court to enter a new order finding good cause for an in camera review and to conduct the review, and for further proceedings after the in camera review was completed. This court issued an order to show cause and temporarily stayed further proceedings.

## II

## ANALYSIS

### A. Pitchess *Standards*

A criminal defendant has a limited right to discovery of a peace officer's personnel records. (*Pitchess v. Superior Court, supra*, 11 Cal.3d at pp. 536–539.) Peace officer personnel records are confidential and can only be discovered pursuant to Evidence Code sections 1043 and 1045. (Pen. Code, § 832.7; see *California Highway Patrol v. Superior Court* (2000) 84 Cal.App.4th 1010, 1019 [101 Cal.Rptr.2d 379].) The discovery procedure has two steps. First, the defendant must file a motion seeking such records. The motion in pertinent part must state what records are sought and provide affidavits "showing good cause for the discovery or disclosure sought, setting forth the materiality thereof to the subject matter involved in the pending litigation." (Evid. Code, § 1043, subd. (b)(3).) The required affidavit may be based on information and belief. (*City of San Jose v. Superior Court* (1998) 67 Cal.App.4th 1135, 1145 [79 Cal.Rptr.2d 624].) If the foundational showing is satisfied, the trial court reviews the records in camera to determine whether any are relevant to the litigation. (Evid. Code, § 1045, subd. (b).)

 A showing of "good cause" exists if the defendant demonstrates both (1) a "specific factual scenario" that establishes a "plausible factual foundation" for the allegations of officer misconduct (*City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 85–86 [260 Cal.Rptr. 520, 776 P.2d 222]; *California Highway Patrol v. Superior Court, supra,* 84 Cal.App.4th at p. 1020), and (2) that the misconduct would (if credited) be material to the defense (*Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1016 [29 Cal.Rptr.3d 2, 112 P.3d 2]). *Warrick* clarified that the materiality element requires the defendant to establish a logical link between the pending charge and the proposed defense, and to articulate how the requested discovery will support the proffered defense. (*Id.* at p. 1021.) Accordingly, defense counsel's supporting declaration must propose a defense and articulate how the requested discovery may be admissible as direct or impeachment evidence in support of the proposed defense, or how the requested discovery may lead to such evidence. (*Id.* at p. 1024.) Thus, a defendant meets the materiality element by showing (1) a logical connection between the charges and the proposed defense; (2) the requested discovery is factually specific and tailored to support the claim of officer misconduct; (3) the requested discovery supports the proposed defense or is likely to lead to information that will do so; and (4) the requested discovery is potentially admissible at trial. (*Id.* at p. 1027.)

### B. *Search and Seizure Standards*

Because Giovanni's articulated basis for seeking *Pitchess* materials was to gather evidence in support of a motion to suppress based on an unlawful detention and patdown search and arrest, we outline the relevant standards for Giovanni's proposed defense.

 "Police contacts with individuals may be placed into three broad categories ranging from the least to the most intrusive: consensual encounters that result in no restraint of liberty whatsoever; detentions, which are seizures of an individual that are strictly limited in duration, scope, and purpose; and formal arrests or comparable restraints on an individual's liberty." (*In re Manuel G.* (1997) 16 Cal.4th 805, 821 [66 Cal.Rptr.2d 701, 941 P.2d 880].) "A detention is reasonable under the Fourth Amendment when the detaining officer can point to specific articulable facts that, considered in light of the totality of the circumstances, provide some objective manifestation that the person detained may be involved in criminal activity." (*People v. Souza* (1994)

9 Cal.4th 224, 231 [36 Cal.Rptr.2d 569, 885 P.2d 982].) Although circumstances short of probable cause to arrest may justify an officer's investigative detention, a detention may not be premised on mere curiosity, rumor, or hunch that the detainee is involved in criminal activity. (*Terry v. Ohio* (1968) 392 U.S. 1, 21–22 [20 L.Ed.2d 889, 88 S.Ct. 1868].) Instead, an investigative detention must be justified by specific and articulable facts, measured by facts known to the officer at the time he or she detains the suspect (*People v. Bowers* (2004) 117 Cal.App.4th 1261, 1268–1271 [13 Cal.Rptr.3d 15]), that make it objectively reasonable for an officer in a like position, drawing on training and experience, to suspect (1) a crime has occurred or is occurring and (2) the detainee is involved in that activity. (*In re Tony C.* (1978) 21 Cal.3d 888, 893 [148 Cal.Rptr. 366, 582 P.2d 957].) If the facts known to the officer at the time of the detention make the detention objectively reasonable, the officer's subjective intent will not vitiate the detention. (See, e.g., *People v. Woods* (1999) 21 Cal.4th 668, 679–681 [88 Cal.Rptr.2d 88, 981 P.2d 1019].)

When an officer detains a suspect, the officer may pat down the suspect's outer clothing if he or she has reason to believe the suspect may be armed. (*Terry v. Ohio, supra*, 392 U.S. at p. 30; *People v. Lopez* (2004) 119 Cal.App.4th 132, 135–136 [13 Cal.Rptr.3d 921].) The test for a patdown search is whether "a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." (*Terry*, at p. 27.) "The officer must be able to point to specific and articulable facts together with rational inferences therefrom which reasonably support a suspicion that the suspect is armed and dangerous." (*People v. Dickey* (1994) 21 Cal.App.4th 952, 956 [27 Cal.Rptr.2d 44].) Moreover, when the officer determines the suspect is in violation of the law and places him or her in custody, a search incident to the arrest is proper "even if the police officer plans to release the arrestee without booking him or her." (*In re Ian C.* (2001) 87 Cal.App.4th 856, 860 [104 Cal.Rptr.2d 854].)

## C. *Analysis*

To show good cause for discovery of confidential officer information, a *Pitchess* motion must (among other things) explain the proposed defense and articulate how the requested discovery may be admissible as direct or impeachment evidence in support of the proposed defense. (*Warrick v. Superior Court, supra*, 35 Cal.4th at p. 1024.) Here, Giovanni explained the proposed defense, and the relevance of the requested information, was a

potential suppression motion that would assert "Trampus and Murgia wrote false information in their police report to justify their detention and patdown of Giovanni [and] [w]ithout the false information, the officers [would] not have been justified in detaining and patting down Giovanni."

■ However, Giovanni was detained and placed into temporary custody based in part on his appearing to be underage and on the streets after midnight. Because the officers had (and Giovanni does not contest) this objectively reasonable basis on which to detain and place Giovanni in temporary custody for suspected violation of Chula Vista's curfew ordinance[2] (see *In re Charles C.* (1999) 76 Cal.App.4th 420, 424 [90 Cal.Rptr.2d 430] [police may place minor in custody for violating curfew]; *In re Ian C., supra,* 87 Cal.App.4th at pp. 859–860 [police may place minor in temporary custody for violating curfew and conduct search incident to arrest]), Giovanni cannot contest the validity of the stop and search by asserting the officers' *other* observations concerning suspected criminal activity were false and a subterfuge to support the stop. (*People v. Woods, supra,* 21 Cal.4th at pp. 679–681.) Giovanni's *Pitchess* motion did not claim it might reveal information calling into question the accuracy of the officers' observations that Giovanni was a minor on the streets in violation of curfew, or any information suggesting the officers improperly relied on their observations of his youthful appearance to support the stop. (See *In re James D.* (1987) 43 Cal.3d 903, 916–917 [239 Cal.Rptr. 663, 741 P.2d 161].) Giovanni's *Pitchess* motion did not articulate how the officers' veracity would be admissible on whether, after Giovanni was properly stopped and placed in temporary custody for curfew violation, the officers were permitted to conduct the patdown search that revealed the screwdriver.

Because the officers had probable cause to detain and search Giovanni based on uncontested facts and independent of the alleged falsehoods as to Giovanni's physical dishevelment and statements of gang affiliation, the trial court correctly ruled the materials sought by Giovanni's *Pitchess* motion were irrelevant to the proposed defense. Therefore his motion did not demonstrate good cause for an in camera review of the confidential records.

---

[2] It is a misdemeanor for a person under the age of 18 years old to be on a public street between 11:00 p.m. and 5:00 a.m. (Chula Vista Mun. Code, § 9.28.010, subds. (A), (B), (D) & (E)), absent specific circumstances (*id.,* subd. (C)) not present here. An officer is authorized to stop and "ask the apparent offender's age and reason for being in the public place . . . during curfew hours" and to "issue a citation or make an arrest under this section [if] the officer reasonably believes that an offense has occurred and that, based on any responses and other circumstances, no defense under subsection (C) of this section is present or applicable." (*Id.,* subd. (D).)

## DISPOSITION

The petition for a writ of mandate is denied, and the stay issued on November 22, 2006, shall be vacated when this opinion is final as to this court.

Nares, Acting P. J., and Haller, J., concurred.