Filed 9/5/13  P. v. Carlsen CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TRISHA CARLSEN,<br><br>Defendant and Appellant. | F065074<br><br>(Super. Ct. No. BF140106A)<br><br>**OPINION** |

## THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

Thomas M. Singman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Christina Hitomi Simpson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Kane, Acting P.J., Franson, J. and Detjen, J.

## INTRODUCTION

Appellant asks this court to independently review the materials considered by the trial court during a *Pitchess* hearing (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*)). We have conducted the requested review and discerned neither procedural error nor abuse of discretion. The judgment will be affirmed.

## FACTS

On January 9, 2012, a California Highway Patrol Officer conducted a traffic stop of a car driven by appellant Trisha Carlsen. The officer conducted field sobriety tests, which appellant failed to perform satisfactorily. The officer searched appellant and found a baggie containing .53 grams of methamphetamine. Appellant's blood tested positive for amphetamines and marijuana.

On January 30, 2012, an information was filed in Kern County Superior Court charging appellant with possession of methamphetamine (count 1), misdemeanor driving a vehicle while under the influence of alcohol and/or a drug (count 2) and being under the influence of a controlled substance (count 3).

On April 20, 2012, appellant pled no contest to counts 1 and 2; count 3 was dismissed by the People in the interests of justice.

On May 29, 2012, the court suspended imposition of sentence and placed appellant on probation for three years. She was ordered to serve 45 days in jail, with leave granted to the probation department to release her at any time to a residential alcohol/drug treatment program.

## DISCUSSION

**Independent Review of the Sealed Record Pertaining to the *Pitchess* Proceedings Reveals Neither Procedural Error Nor Abuse of Discretion**

### I.      Factual background.

On March 8, 2012, appellant filed a *Pitchess* motion to permit discovery and disclosure of the personnel records of a named highway patrol officer. Appellant requested any records pertaining to "lack of credibility."

On April 4, 2012, the court found there was sufficient cause to examine the records for items of dishonesty only. It reviewed the officer's personnel records in camera. The court did not find any discoverable information.

The appellate record has been augmented with the files that were reviewed at the in camera hearing and a settled statement.

### II.     Neither procedural error nor abuse of discretion occurred below.

"A criminal defendant has a limited right to discovery of a peace officer's personnel records. [Citation.] Peace officer personnel records are confidential and can only be discovered pursuant to Evidence Code sections 1043 and 1045." (*Giovanni B. v. Superior Court* (2007) 152 Cal.App.4th 312, 318.) "A trial court is afforded wide discretion in ruling on a motion for access to law enforcement personnel records. The decision will be reversed only on a showing of abuse of discretion. [Citation.]" (*People v. Yearwood* (2013) 21s3 Cal.App.4th 161, 180.)

In this case, the trial court complied with the procedural requirements of a *Pitchess* hearing. The sealed personnel file did not contain any discoverable material. Neither procedural error nor abuse of discretion occurred. (*People v. Yearwood, supra*, 213 Cal.App.4th at pp. 180-181.)

### DISPOSITION

The judgment is affirmed.