Filed 10/21/14  P. v. Moore CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> BRYSON DUPREE MOORE, <br><br> Defendant and Appellant. | F067118 <br><br> (Super. Ct. No. BF139573B) <br><br> **OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Jerold L. Turner, Judge.

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

On December 1, 2011, appellant was arrested after attempting to discard a packet of methamphetamine in the presence of two police officers. Following a jury trial, appellant was convicted of transporting methamphetamine (count 1; Health & Saf. Code, § 11379, subd. (a)), possessing methamphetamine for sale (count 2; Health & Saf. Code, § 11378), and willfully, unlawfully, and actively participating in a criminal street gang (count 3; Pen. Code, § 186.22, subd. (a)). Enhancement allegations attached to counts 1 and 2 as offenses committed for the benefit of, at the direction of, or in association with a criminal street gang and with the specific intent to promote, further or assist in criminal conduct by gang members (Pen. Code, § 186.22, subd. (b)(1)). The information also alleged that appellant had six prior felony convictions, but the trial court struck five of the six prior convictions for sentencing purposes. Appellant was sentenced to a total of 17 years in prison, and the trial court imposed additional fines and fees.

On appeal, appellant argues that (1) the trial court abused its discretion by denying appellant's *Pitchess* motion to discover certain files within the personnel files of his arresting officers, and (2) there was insufficient evidence to support appellant's conviction for active gang participation. Neither of these arguments is persuasive and the judgment will be affirmed.

## FACTS

On December 1, 2011, Bakersfield Police Department Officers Matthew Gregory and Andrew Ferguson observed a red vehicle pull up to a residence, and two men exit the vehicle. Gregory recognized one of the men as appellant whom he knew to be a parolee and member of the East Side Crips street gang. The officers approached the two men and, as they did so, appellant discarded an object into the grass.

Following Gregory's observation, the officers detained appellant and the other man, later identified as Vernon Mixon. Gregory retrieved the discarded package and saw

it was a plastic bag containing 3.23 grams of methamphetamine. The officers did not find any additional drugs or drug paraphernalia on appellant's person, but did recover appellant's cellular phone.

The officers then conducted a consensual search of the residence which belonged to appellant's aunt. She directed the officers to appellant's belongings, where the officers recovered a black backpack containing a digital scale. Appellant was then placed under arrest and read his *Miranda*[1] rights. Appellant initially denied any knowledge of the methamphetamine that was recovered, but later stated that Mixon passed the bag of drugs to appellant when he observed the officers approach.

## DISCUSSION

### I. The Trial Court Did Not Abuse Its Discretion By Denying Appellant's *Pitchess* Motion.

#### A. Facts.

Prior to trial, appellant filed a *Pitchess*[2] motion seeking disclosure of any materials within the personnel records of Officers Gregory and Ferguson relating to "[l]ack of credibility," "acts involving moral turpitude," "[d]ishonesty/untruthfulness/veracity/false testimony/false arrest/conduct unbecoming an officer/neglect of duty," and "[r]acial discrimination; racial profiling; racial bias[.]"

Attached to this motion was an affidavit by defense counsel averring, in relevant part, that the officers did not recognize appellant prior to approaching him, were the only

---

[1] *Miranda v. Arizona* (1966) 384 U.S. 436.

[2] See *Pitchess v. Superior Court* (1974) 11 Cal.3d. 531. The California Legislature codified the privileges and procedures set out in *Pitchess* through the enactment of Penal Code sections 832.7 and 832.8 and Evidence Code sections 1043 through 1045. (*City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 81.)

witnesses who observed appellant making a throwing motion, and arrested appellant and Mixon "simply because they were two young black men out at night in a targeted area."

The affidavit also stated that the documents sought were material to the defense, as they "cast doubt on the sequence of events set forth by the officers," and it was "possible" the police were "simply trolling for alleged gang members to set-up and arrest."

The Bakersfield Police Department filed a brief in opposition to the *Pitchess* motion, and the trial court denied appellant's motion for failure to state a specific factual scenario justifying an in camera review of the officers' personnel files.

**B.      Standard of Review.**

A trial court's ruling on a *Pitchess* motion is reviewed for abuse of discretion. (*Alford v. Superior Court* (2003) 29 Cal.4th 1033, 1039.)

**C.      Analysis.**

Peace officer personnel records are confidential and can only be discovered pursuant to Evidence Code sections 1043 and 1045.  (Pen. Code, § 832.7.)  In order to discover such records, a defendant must file a motion stating what records are sought, and must provide affidavits "showing good cause for the discovery or disclosure sought, setting forth the materiality thereof to the subject matter involved in the pending litigation."  (Evid. Code, § 1043, subd. (b)(3).)

Establishing "good cause" requires the defendant to demonstrate a "specific factual scenario" that establishes a "plausible factual foundation" for the allegations of officer misconduct.  (*City of Santa Cruz v. Municipal Court, supra,* 49 Cal.3d at pp. 85-86.)  A factual scenario is "plausible" if it is one that "might or could have occurred." (*Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1026.)

Establishing "materiality" requires a defendant to show "(1) a logical connection between the charges and the proposed defense; (2) the requested discovery is factually specific and tailored to support the claim of officer misconduct; (3) the requested discovery supports the proposed defense or is likely to lead to information that will do so; and (4) the requested discovery is potentially admissible at trial. [Citation.]" (*Giovanni B. v. Superior Court* (2007) 152 Cal.App.4th 312, 319.) If a defendant establishes both good cause and materiality, the personnel records at issue are reviewed by the trial court in camera and relevant documents are released to the defense. (Evid. Code, § 1045, subd. (b).)

Here, however, appellant's *Pitchess* motion established neither good cause nor materiality. Rather than asserting a specific factual scenario sufficient to show good cause, appellant's motion merely denied that Officers Gregory and Ferguson recognized appellant, and asserted that appellant was arrested because he was a young Black man in a targeted area where it was "possible" that police were "trolling for alleged gang members to set-up and arrest."

This vague factual scenario stands in stark contrast with a case appellant relies upon in his brief on appeal, *Warrick v. Superior Court*, *supra*, 35 Cal.4th 1011. In *Warrick*, the defendant was charged with possession of cocaine for sale after he ran from police in an area known for narcotics activity and a large quantity of rock cocaine was found on the ground near the site of his eventual apprehension. (*Id*. at pp. 1016-1017.) In the defendant's subsequent *Pitchess* motion, he asserted that he was in the area to purchase drugs, not sell them, and that he fled from the police because he was in violation of his parole. (*Id*. at pp. 1017-1018.) He also asserted that the drugs that were recovered did not belong to him, but had been dropped by someone in the crowd of people he fled through. (*Ibid*.) The Supreme Court later determined that the defendant's motion established good cause, as it presented a specific and internally consistent factual

scenario that supported a defense that the arresting officers lied or were mistaken about who had spilled the drugs in question. (*Id*. at p. 1027.)

When viewed next to the specificity of the factual scenario in *Warrick*, appellant's generalized denials and speculative assertions more closely resemble the *Pitchess* motion in *People v. Thompson* (2006) 141 Cal.App.4th 1312. In that case, the defendant was arrested after selling drugs to an undercover police officer, and was found in possession of two $5 bills that were later identified as being from the undercover officer's purchase money. (*Id*. at p. 1315.) In the defendant's *Pitchess* motion, he denied buying the drugs, denied that the purchase money was found on his person, and asserted that the officers involved in his arrest had arrested him because he was in a targeted area, and then fabricated the entire incident and planted evidence on the defendant after discovering that he had a criminal record. (*Id*. at pp. 1315, 1317.)

On appeal, the Second District Court of Appeal rejected the defendant's claim that the trial court had improperly denied his *Pitchess* motion, and held that the defendant's factual scenario was neither internally consistent nor complete, did not explain the facts set out in the police report (*People v. Thompson, supra,* 141 Cal.App.4th at p. 1317), and merely made "bald assertions that denied the elements of the charged crime." (*Id.* at p. 1318.) The Second District also found that "*Warrick* did not redefine the word 'plausible' as synonymous with 'possible,' and does not require an in camera review based on a showing that is merely imaginable or conceivable and, therefore, not patently impossible." (*Id*. at p. 1318.)

Like the defendant in *Thompson*, appellant's *Pitchess* motion alleged that he was only arrested for being in a targeted area, and that the police subsequently fabricated evidence to support charging appellant with a drug offense. However, unlike the valid *Pitchess* motion in *Warrick,* appellant's motion failed to lay out a reasonably specific alternative scenario that accounted for the evidence supporting the charges. Accordingly,

6.

appellant's motion was factually deficient and did not establish good cause for discovery of the requested information.

Further, appellant's *Pitchess* motion failed to establish materiality by setting out any logical connection between the charges and a proposed defense, or by showing the requested discovery supported a proposed defense or was likely to lead to information that would do so. Appellant's motion fails to address the ownership or authenticity of the drugs found at the scene, as well as appellant's statements at the scene confirming he was aware of the drugs. Instead, the affidavit in support of appellant's motion only addresses the motives of the arresting officers at the time they approached appellant, not the validity of the charges or the elements of the charged offense.

For these reasons, we uphold the denial of appellant's *Pitchess* motion as a reasonable exercise of judicial discretion.

## II. There Was Substantial Evidence to Support Appellant's Conviction for Active Gang Participation.

### A. Facts.

At trial, Officer Gregory testified that appellant's phone had pictures of marijuana and baggies that suggested that the marijuana was for sale and not for personal use, as well as text messages referring to packaging and selling drugs. He also testified that appellant admitted that Mixon passed appellant the package of methamphetamine when Mixon saw the police approaching.

Officer Robert Woods, who serves on the Bakersfield Police Department Gang Unit, testified that the text messages on appellant's phone indicated involvement in the East Side Crips street gang and made references to the packaging and sale of narcotics. Woods further testified that appellant's phone contained pictures of appellant wearing East Side Crips colors, making East Side Crips gang signs, and posing with known members of the East Side Crips. He also testified that Mixon was a self-admitted member of the East Side Crips and that appellant had claimed membership in the East

7.

Side Crips when he was booked following his arrest in this case. Woods further testified that narcotics sales are a primary activity and source of income for the East Side Crips.

**B.      Standard of Review.**

We view the record in the light most favorable to the conviction and presume the existence of every fact in support of the conviction the trier of fact could reasonably infer from the evidence. (*People v. Maury* (2003) 30 Cal.4th 342, 396.) "Reversal is not warranted unless it appears "'that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction]." [Citation.]' [Citation.]" (*People v. Duran* (2002) 97 Cal.App.4th 1448, 1457.)

**C.      Analysis.**

"The elements of the gang participation offense in [Penal Code] section 186.22(a) are: First, active participation in a criminal street gang, in the sense of participation that is more than nominal or passive; second, knowledge that the gang's members engage in or have engaged in a pattern of criminal gang activity; and third, the willful promotion, furtherance, or assistance in any felonious criminal conduct by members of that gang. [Citation.]" (*People v. Rodriguez* (2012) 55 Cal.4th 1125, 1130.) Penal Code section 186.22, subdivision (a) does not apply to criminal acts committed by a gang member acting alone. (*Rodriguez, supra,* at p. 1139.)

On appeal, appellant asserts that there was insufficient evidence to establish that appellant engaged in the promotion, furtherance, or assistance of any gang related criminal conduct, as there was no evidence showing that appellant was acting in concert with other gang members. Contrary to appellant's assertions, however, there was substantial evidence to establish that appellant was a member of the East Side Crips, that at the time of his arrest he was with another known member of that gang, and that both appellant and the other member were aware of the drugs that were seized by the police. Further, there was evidence on appellant's cell phone that suggested that appellant was

8.

not only a member of the East Side Crips, but was also involved in drug dealing for the financial benefit of that gang, which uses the proceeds from drug sales as a primary source of income.

Viewing this direct and circumstantial evidence in the light most favorable to the conviction, we find there was substantial evidence to support appellant's conviction for active gang participation.

## DISPOSITION

The judgment is affirmed.

_____
LEVY, Acting P.J.

WE CONCUR:


_____
DETJEN, J.


_____
PEÑA, J.

9.