Filed 6/4/15  P. v. Rosales CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ALFONSO ROSALES, <br><br> Defendant and Appellant. | B252014 <br><br> (Los Angeles County <br> Super. Ct. No. BA392178) |

APPEAL from judgment of the Superior Court of Los Angeles County, Honorable Laura F. Priver, Judge.  Affirmed in part, reversed in part and modified with directions.

Leslie Conrad for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Erika D. Jackson, Deputy Attorneys General, for Plaintiff and Respondent.

_____

# INTRODUCTION

A jury convicted Defendant Alfonso Rosales of first degree murder in violation of Penal Code section 187, subdivision (a) (count 1) and possession of a firearm by a felon in violation of former Penal Code section 12021, subdivision (a)(1) (count 2).[1]  As to count 1, the jury also found true the allegations that Defendant personally discharged a firearm in the commission of the murder (§ 12022.53, subd. (d)) and that he committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)).  As to count 2, the jury likewise found he committed the offense for the benefit of a criminal street gang (186.22, subd. (b)(1)(A)).  As to both counts, Defendant admitted he had suffered a prior serious or violent felony conviction under the three strikes law.  (§§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d).)  The trial court sentenced Defendant to a total term of 85 years to life imprisonment, which included 10 years for the gang enhancement under section 186.22, subd. (b)(1)(C).  The court also determined Defendant was not eligible for custody credits pursuant to section 2900.5, subdivision (a).

Defendant contends, and the People agree, that the trial court improperly sentenced him to a 10-year term for the gang enhancement on count 1, and that he is entitled to credit for the days he spent in custody prior to sentencing.  We also agree. Accordingly, we will reverse and modify the judgment to eliminate the 10-year sentence imposed for the gang enhancement and to credit Defendant for the 640 days he spent in actual custody prior to sentencing.  In all other respects the judgment is affirmed.

---

[1]  As of January 1, 2012, Penal Code section 29800 continues former Penal Code section 12021 without substantive change.  (Cal. Law Revisions Com. com., Deering's Ann. Pen. Code (2015 ed.) foll. § 29800.)  All further statutory references are to the Penal Code unless otherwise indicated.

## FACTS AND PROCEDURAL BACKGROUND

In January 2011, Defendant was the victim of an assault with a deadly weapon in which he sustained a gunshot wound to his left leg. Medical responders transported Defendant to California Hospital, where he was treated for the gunshot wound and interviewed by Los Angeles Police Department (LAPD) Officers Cardenas and Estrada. According to officer Cardenas's report, Defendant stated that "he's an 18th [S]treet Southside gangster and goes by the moniker of Big Dreamer." Defendant otherwise refused to cooperate, stating " 'The only thing I'm going to tell you is that they were my enemies.' "

On December 25, 2011, Defendant had a verbal altercation with rival gang members Juan Garcia and Ernie Arellano from the Sur Trece gang. That evening Garcia and Arellano observed Defendant, who Arellano recognized as "Dreamer" from the 18th Street gang, attempting to extort money or "tax" a taco vendor in Sur Trece territory. Garcia confronted Defendant and told him " 'Don't be doing that in my hood.' " Defendant became angry and left, telling Garcia and Arellano they were " 'gonna pay.' "

On December 26, 2011, at approximately 8:45 a.m., a witness reported hearing two gunshots outside her home. She went out to her driveway and found Garcia, who she recognized from the neighborhood, laying on the street. She also witnessed Defendant pass by on a bicycle, saying " 'I killed him.' " Garcia suffered two shotgun wounds, one of which was fatal, and he died at the scene.

Police found a bicycle in the front yard of a home located approximately 300 to 400 feet from Defendant's residence. The homeowner told police that the bicycle did not belong to anyone in her household, but she had seen "Dreamer" from the 18th Street gang riding it on several occasions. The homeowner did not see the bicycle when she arrived home at 8:00 a.m. that morning, but had noticed it there sometime between 10:00 and 11:00 a.m.

The Los Angeles County District Attorney charged Defendant by information in count 1 with the December 26, 2011 murder of Garcia in violation of section 187, subdivision (a) and in count 2 with possession of a firearm by a felon in violation of

3

former section 12021, subdivision (a)(1). As to count 1, the District Attorney alleged Defendant used and discharged a firearm in commission of the murder (§ 12022.53, subds. (b)-(d)), and, as to both counts, the District Attorney alleged the crimes were committed for the benefit of a criminal street gang (§ 186.22, subds. (b)(1)(A) & (b)(1)(C The District Attorney also alleged as to both counts that Defendant had suffered a prior serious or violent felony conviction (§§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)).

At Defendant's trial, LAPD gang Officer Bryan Espinosa opined that Defendant was a member of the 18th Street gang on December 26, 2011. Officer Espinosa based his opinion on Defendant's admission to Officers Cardenas and Estrada that he was "Big Dreamer" from the 18th Street gang, other field investigation cards from 2011, four tattoos representing 18th Street gang affiliation on Defendant's body, and Arenello's testimony regarding Defendant's verbal altercation with Garcia on December 25, 2011. Officer Espinosa also opined that Defendant committed the shooting for the benefit of and with the intent to promote the 18th Street gang. Among other things, Officer Espinosa testified that shooting a rival gang member like Garcia would enhance the 18th Street gang's stature as a violent gang within the community, thereby amplifying its ability to carry out its criminal enterprise.

The jury convicted Defendant on both counts, found the murder to be in the first degree, and returned true findings on the gang and gun use allegations. Defendant admitted the truth of the three strikes allegation.

The trial court sentenced Defendant to a total term of 85 years to life imprisonment. As to count 1, the sentence included 25 years to life for the first degree murder conviction, which the court doubled to 50 years to life pursuant to the three strikes law (§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)), plus a consecutive sentence of 25 years to life for the gun use enhancement (§ 12022.53, subd. (d)), and an additional 10 years for the gang enhancement (§ 186.22, subd. (b)(1)(C)). As to count 2, the court imposed a concurrent sentence of seven years imprisonment. Finally, the court determined Defendant was not entitled to credit for time in custody prior to sentencing.

4

# DISCUSSION

1. *Independent Review of the Sealed Record Pertaining to the Pitchess Proceedings Reveals No Procedural Error or Abuse of Discretion*

On November 2, 2012, Defendant filed a *Pitchess* motion for discovery and disclosure of the personnel records of Officers Cardenas and Estrada. (See *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.) Defendant requested any records pertaining to reports of excessive force, racial and other bias, dishonesty, false testimony, fabrication of evidence and "any other evidence of misconduct amounting to moral turpitude." In his declaration in support of the motion, Defendant's counsel cited the report prepared by Officer Cardenas, and adopted by Officer Estrada, in which Officer Cardenas recounted Defendant's admission to being "an 18th Street Southside gangster [who] goes by the moniker of Big Dreamer." (Boldface omitted.) Counsel maintained the report was false and that Defendant had not admitted to being a member of the 18th Street gang or to the moniker "Big Dreamer." He averred that the officers' alleged misrepresentations were material because Defendant had been charged with a gang allegation and "[t]he falsehoods on the part of the officers indicate a willingness to fabricate evidence and write false police reports which demonstrates a pattern and practice of dishonesty." (Boldface omitted.)

The trial court granted Defendant's motion for an in camera hearing to review Officer Cardenas's and Officer Estrada's personnel files for records related to falsification or fabrication of evidence. The court did not find that Defendant made a sufficient showing of good cause for an in camera hearing on reports of excessive force, racism or any misconduct broadly amounting to moral turpitude. After conducting the in camera hearing, the court found no relevant information.

Defendant asks this court to independently review the sealed transcript pertaining to the *Pitchess* proceeding to determine if the trial court abused its discretion. The People do not object to the requested review. We ordered the trial court to provide us with the sealed transcript of the in camera hearing, which has been made part of the appellate record without being disclosed to counsel for either party.

"A criminal defendant has a limited right to discovery of a peace officer's personnel records. [Citation.] Peace officer personnel records are confidential and can only be discovered pursuant to Evidence Code sections 1043 and 1045." (*Giovanni B. v. Superior Court* (2007) 152 Cal.App.4th 312, 318.) A defendant is entitled to discovery of relevant information from the confidential records upon a showing of good cause, which exists "when the defendant shows both ' "materiality" to the subject matter of the pending litigation and a "reasonable belief" that the agency has the type of information sought.' [Citation.]" (*People v. Gaines* (2009) 46 Cal.4th 172, 179.)

"If the trial court concludes the defendant has fulfilled these prerequisites and made a showing of good cause, the custodian of records should bring to court all documents 'potentially relevant' to the defendant's motion." (*People v. Mooc* (2001) 26 Cal.4th 1216, 1226.) The trial court reviews the records in camera to determine what information, if any, should be disclosed. Subject to the exceptions and limitations contained in Evidence Code section 1045, subdivisions (b)-(e), the court must disclose to the defendant such information as is relevant to the subject matter involved in the litigation. (*People v. Gaines, supra,* 46 Cal.4th at p. 179.) A trial court is afforded wide discretion in ruling on a motion for access to law enforcement personnel records. The decision will be reversed only on a showing of abuse of discretion. (*People v. Hughes* (2002) 27 Cal.4th 287, 330.)

6

We have reviewed the record of the trial court's in camera examination of the officers' personnel files. The trial court complied with the procedural requirements of a *Pitchess* hearing. A court reporter was present and the custodian of records was sworn prior to testifying. (*People v. Mooc, supra,* 26 Cal.4th at pp. 1228, 1229, fn. 4; *People v. White* (2011) 191 Cal.App.4th 1333, 1339-1440.) The custodian of records complied with the requirement to bring all the records and submit them for review by the court. (*People v. Wycoff* (2008) 164 Cal.App.4th 410, 414-415.)

Our review of the record "reveals no materials so clearly pertinent to the issues raised by the *Pitchess* discovery motion that failure to disclose them was an abuse of *Pitchess* discretion."[2] (*People v. Samayoa* (1997) 15 Cal.4th 795, 827; *People v. Yearwood* (2013) 213 Cal.App.4th 161, 180-181.)

2. *The Trial Court Erred in Imposing a 10-Year Gang Enhancement on the Murder Sentence*

The trial court sentenced Defendant to 25 years to life for the first degree murder conviction, plus a consecutive 10-year term for the gang enhancement pursuant to section 186.22, subdivision (b)(1)(C). The gang enhancement was not proper.

Section 186.22, subdivision (b)(1) provides: "*Except as provided in paragraphs (4) and (5)*, any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon

---

[2] In his opening brief, Defendant requested only that we review the in camera hearing transcript to determine whether there were any relevant records the trial court failed to disclose. However, though he does not expressly challenge the trial court's ruling limiting its examination to records pertaining to falsification or fabrication of evidence, Defendant nevertheless maintains that we should review the transcript for any evidence of misconduct broadly amounting to moral turpitude. Defendant has not properly presented the issue for appellate review, but even if we were to construe his request as an appropriate challenge to the limitation stated in the trial court's ruling, we still would find no abuse of discretion. Having reviewed the sealed transcript we find no evidence of fabrication or any other misconduct amounting to moral turpitude by the officers.

conviction of that felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished as follows:  [¶] . . . [¶]  (C)  If the felony is a violent felony, as defined in subdivision (c) of Section 667.5, the person shall be punished by an additional term of 10 years."  (Italics added.)  Subdivision (b)(5) of section 186.22 provides:  "Except as provided in paragraph (4), any person who violates this subdivision in the commission of a felony *punishable by imprisonment in the state prison for life* shall not be paroled until a minimum of 15 calendar years have been served."[3]  (Italics added.)

In *People v. Lopez* (2005) 34 Cal.4th 1002, our Supreme Court considered whether "a first degree murder committed for the benefit of a gang is subject to the 10-year enhancement in section 186.22(b)(1)(C) or whether such a murder falls within that subdivision's excepting clause and is governed instead by the 15-year minimum parole eligibility term in section 186.22(b)(5)."  (*Lopez,* at p. 1006.)  Relying principally on its prior opinion in *People v. Yates* (1983) 34 Cal.3d 644, in which the high court held the clause " 'punishable . . . with imprisonment in the State prison for life' " in section 1070 included both a straight life term *as well as a term of years to life* that was at least equally severe (*Yates,* at p. 647), the *Lopez* court concluded the same interpretation should apply to the clause in section 186.22, subdivision (b)(5) that refers to " 'a felony punishable by imprisonment in the state prison for life.' "  (*Lopez,* at p. 1006.)  Given that interpretation, the court concluded a first degree murder conviction, which is punishable by "imprisonment in the state prison for a term of 25 years to life" (§ 190, subd. (a)), is governed by the excepting clause in section 186.22, subdivision (b)(5), and therefore not subject to the 10-year enhancement under section 186.22, subdivision (b)(1)(C).  (*Lopez,* at p. 1007.)  The trial court erred by applying the 10-year gang enhancement to Defendant's sentence for first degree murder.

---

[3]     Section 186.22, subdivision (b)(4) applies to certain enumerated felonies not at issue here.

3.     *Defendant Is Entitled to Credit for Days in Custody Prior to Sentencing*

The trial court determined Defendant was not eligible for custody credits "because of the charge for which he was convicted." The court elaborated in its minute order that Defendant was not entitled to custody credits "[p]ursuant to Penal Code section 2933.2." Under section 2933.2, a person convicted of murder is not entitled to work time or conduct credits as provided by sections 2933, 2933.05 or 4019. (§ 2933.2, subds. (a) & (c).) However, as Defendant and the People both agree, section 2933.2 is inapplicable to the credit given under section 2900.5 for actual days spent in custody prior to sentencing. (See *People v. Johnson* (2010) 183 Cal.App.4th 253, 289 ["Section 2933.2 provides that convicted murderers are not entitled to credits pursuant to sections 2933 and 4019, but those provisions concern work time credits and conduct credits. They do not address presentence custody credits."].)

Section 2900.5, subdivision (a), provides: "In all felony . . . convictions . . . when the defendant has been in custody, including . . . any time spent in a jail, . . . all days of custody of the defendant . . . shall be credited upon his or her term of imprisonment . . . ." "Section 2900.5 awards defendant credit for all days spent in custody. *This provision applies to all defendants*." (*People v. Johnson, supra,* 183 Cal.App.4th at p. 289, italics added; *People v. Johnson* (2002) 28 Cal.4th 1050, 1053.) The trial court erred in denying Defendant credit for the days he spent in custody prior to sentencing.

Defendant was arrested on December 26, 2011 and sentenced on September 25, 2013. He is therefore entitled to 640 days of actual custody credit.

9

## DISPOSITION

The judgment is reversed in part and modified to delete the 10-year sentence imposed for the gang enhancement on count 1 and, instead, to indicate that the sentence is governed by the 15-year minimum parole eligibility term provided by section 186.22, subdivision (b)(5). The judgment also is modified to award Defendant 640 days of actual custody credit. In all other respects the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KITCHING, J.

We concur:

EDMON, P. J.

EGERTON, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10