Filed 9/19/16  P. v. Remijio CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>GILBERT REMIJIO,<br><br>  Defendant and Appellant. | F070030<br><br>(Super. Ct. No. DF011130A)<br><br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

Paul Stubb, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Michael A. Canzoneri, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Detjen, Acting P.J., Franson, J. and Smith, J.

Defendant Gilbert Remijio was convicted by no contest plea of possession of a sharpened instrument while confined in a penal institution (Pen. Code, § 4502, subd. (a)).[1] The trial court sentenced him to four years in prison. On appeal, he requests that we independently review the records reviewed by the trial court on his *Pitchess*[2] motion and determine whether the trial court ordered all relevant materials disclosed. We affirm.

## FACTS

On October 27, 2012, Correctional Officer Rick Stinson was performing random cell searches at Kern Valley State Prison. He found two inmate-manufactured sharpened metal rods inside the air vent above the toilet in defendant's cell. After being read his rights, defendant admitted the weapons were his and denied his cellmate knew anything about them.

## DISCUSSION

Before his plea, defendant made a *Pitchess* motion requesting disclosure of Officer Stinson's personnel records relevant to dishonesty, falsification of records, false testimony, and fabrication. The trial court conducted an in camera hearing and ordered one disclosure.

"A criminal defendant has a limited right to discovery of a peace officer's personnel records. [Citation.] Peace officer personnel records are confidential and can only be discovered pursuant to Evidence Code sections 1043 and 1045." (*Giovanni B. v. Superior Court* (2007) 152 Cal.App.4th 312, 318.) "[O]n a showing of good cause, a criminal defendant is entitled to discovery of relevant documents or information in the confidential personnel records of a peace officer accused of misconduct against the

[1]    All statutory references are to the Penal Code.

[2]    A *Pitchess* motion is a motion for discovery of a peace officer's confidential personnel records. (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).)

2

defendant. [Citation.] Good cause for discovery exists when the defendant shows both ' "materiality" to the subject matter of the pending litigation and a "reasonable belief" that the agency has the type of information sought.' [Citation.] … If the defendant establishes good cause, the court must review the requested records in camera to determine what information, if any, should be disclosed. [Citation.] Subject to certain statutory exceptions and limitations [citation], 'the trial court should then disclose to the defendant "such information [that] is relevant to the subject matter involved in the pending litigation." ' " (*People v. Gaines* (2009) 46 Cal.4th 172, 179.)

A trial court's decision on a *Pitchess* motion is reviewed under an abuse of discretion standard. (*People v. Prince* (2007) 40 Cal.4th 1179, 1285.) The exercise of that discretion "must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice." (*People v. Jordan* (1986) 42 Cal.3d 308, 316.) We review the record for "materials so clearly pertinent to the issues raised by the *Pitchess* discovery motion that failure to disclose them was an abuse of *Pitchess* discretion." (*People v. Samayoa* (1997) 15 Cal.4th 795, 827.) The record of the trial court's in camera hearing is sealed, and appellate counsel are not allowed to see it. (See *People v. Hughes* (2002) 27 Cal.4th 287, 330.) Thus, on request, the appellate court must independently review the sealed record. (*People v. Prince, supra,* at p. 1285.)

We have reviewed the file of confidential records and the transcript of the in camera hearing, and we have found no abuse of discretion committed by the trial court in its choice of which records to disclose and which not to disclose. The court appropriately disclosed the records relevant to the litigated matter.

## DISPOSITION

The judgment is affirmed.