Filed 2/14/23  P. v. Smith CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>NATHAN MIKEL WAYNE SMITH,<br><br>    Defendant and Appellant. | F082143<br><br>(Super. Ct. No. BF175303A)<br><br>**OPINION** |

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Kern County.  Eric Bradshaw, Judge.

Gordon B. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Galen N. Farris, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Hill, P. J., Levy, J. and Meehan, J.

# INTRODUCTION

Appellant and defendant Nathan Mikel Wayne Smith was convicted by a jury of two first degree burglaries with persons present in the residence at the time of the offenses. In his companion case, case No. F081895, defendant was convicted of multiple counts of possession of a stolen vehicle, felon in possession of a firearm, felon in possession of ammunition, possession of a concealable firearm while not the registered owner, carrying a loaded firearm in a public place, and possession of stolen property.

On appeal, defendant contends the case should be remanded for resentencing in light of the recent amendment to Penal Code section 1170, subdivision (b),[1] which generally mandates the middle term as the presumptive sentence for a term of imprisonment unless certain circumstances, other than a prior conviction, have been stipulated to or found true beyond a reasonable doubt. Defendant also requests that this court review the trial court's *Pitchess*[2] motion ruling to determine whether the trial court abused its discretion by declining to disclose any records. The People agree that the case should be remanded for the trial court to conduct a resentencing hearing consistent with section 1170, subdivision (b), as amended, and they also agree that this court can independently review the sealed materials in connection with defendant's *Pitchess* motion.

# FACTUAL BACKGROUND

## *Prosecution Evidence*

On December 24, 2018, Joseph M. was awakened by his wife, April M., at approximately 5:00 a.m. Joseph rolled out of bed and grabbed a firearm after he observed a flashlight shining into their bedroom. Joseph walked to the garage attached to his residence and found the main garage door and side door were both open. The main

---

[1]    Further statutory references are to the Penal Code unless otherwise noted.

[2]    *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

residence and garage were both described as a "mess," and Joseph noticed he was missing his mountain bike, tools, and a locked case containing ammunition. April stayed in the bedroom and dialed "911" while Joseph looked throughout the residence. Joseph later confirmed that some of his missing property was recovered by law enforcement.

Later that same morning, L.L. was contacted by Bakersfield Police Officers Timothy McIrvin and Justin Garcia. The officers showed L.L. an audio system for a television that was normally kept in L.L.'s garage. L.L. noticed that his garage door was open when the officers arrived, but he recalled closing the garage door prior to going to bed. McIrvin found the audio system outside of Joseph and April's residence, and he also found Joseph and April's locked ammunition case in the driveway of another home.

The officers continued to circulate the area after returning the recovered property to L.L. and Joseph. Defendant was observed riding a bicycle that matched the description of Joseph's mountain bike. The officers made contact with defendant, who was sweating profusely despite the morning being described as "very cold." Garcia searched defendant, and he found a backpack containing iron sights for a rifle and .22-caliber bullets.

Defendant initially claimed that he had the mountain bike for a week, but he eventually admitted that he entered a residence to help his friend take items. Defendant told Garcia that he left Joseph and April's residence when the homeowners woke up. Defendant acknowledged that he forced entry into L.L.'s residence, but he did not believe there was much to take from that residence. Defendant provided the name of Cole Allen Davis as the person who committed the burglary of Joseph and April's residence and L.L.'s residence. Law enforcement attempted to contact Davis, however, they were unable to locate him.

***Defense Evidence***

Defendant testified on his own behalf. Defendant testified that Davis made a decision to enter a house when defendant was with Davis. After an argument with Davis,

3.

defendant claimed that he went to a drug store instead. Davis rode up to the drug store on a mountain bike with items that defendant assumed to be stolen. Defendant rode off with the mountain bike and other items before he was contacted by McIrvin and Garcia. Defendant testified that the officers made threats to injure him with a baton, and he denied telling the officers that he entered the garage to help Davis. Defendant also admitted to being under the influence of methamphetamine at the time of his arrest.

## DISCUSSION

### I. Senate Bill No. 567

Prior to its amendment by Senate Bill No. 567 (2021−2022 Reg. Sess.) (Senate Bill 567), section 1170 provided, in relevant part: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court." (§ 1170, former subd. (b).) With the passage of Senate Bill 567, effective January 1, 2022, section 1170 provides, in part: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)." (§ 1170, subd. (b)(1).)

The exceptions provided in paragraph (b)(2) of section 1170 provide, in part, that the court may exceed the middle term "only when there are circumstances in aggravation of the crime that justify" the greater sentence and where "the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) Except in the case of enhancements, a court is also permitted to "consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (*Id*., subd. (b)(3).) A court continues to have the discretion (and, in some cases, is mandated) to impose the lower of the three specified terms when sentencing a defendant for a crime. (*Id*.,

4.

subd. (b)(6), (7).) Thus, Senate Bill 567 confers a substantial benefit on a defendant at the time of sentencing. (Stats. 2021, ch. 731, § 1.3.)

We conclude defendant is entitled to the benefit of Senate Bill 567. Senate Bill 567 amends section 1170 to make the middle term the presumptive sentence for a term of imprisonment unless certain circumstances exist. The probation officer recommended the trial court find true three circumstances in aggravation and no circumstances in mitigation. The circumstances in aggravation related to defendant's prior convictions, unsatisfactory probation performance, and two prior prison terms. The trial court stated, "I'm looking more at the nature of these crimes, at night while homes are occupied and the circumstances of this man's life," in response to the prosecutor's arguments regarding aggravating circumstances.

The record indicates the trial court sentenced defendant to the upper term on count 1. However, the trial court made no findings regarding whether defendant's violent conduct indicated a serious danger to society, and defendant did not admit to the aggravating factors. Senate Bill 567 now requires that either the jury find any aggravating factors true beyond a reasonable doubt or that defendant stipulate to them. Thus, the sentence imposed on defendant is contrary to the provisions of the newly amened statute. Moreover, nothing in Senate Bill 567 suggests an intent that the legislation apply prospectively only. Because defendant's case is not yet final, he is entitled to the benefit of Senate Bill 567. Accordingly, resentencing is necessary.

## II. Denial of *Pitchess* Motion

Before trial, defendant made a *Pitchess* motion requesting disclosure of the personnel records of Garcia and McIrvin relevant to complaints for dishonesty and other misconduct. The trial court granted the motion for an in camera review, and after reviewing the records, the court found no records were required to be disclosed. We have reviewed the records and see no abuse of discretion.

A trial court's decision on a *Pitchess* motion is reviewed under an abuse of discretion standard. (*People v. Prince* (2007) 40 Cal.4th 1179, 1285.) The exercise of that discretion "must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice." (*People v. Jordan* (1986) 42 Cal.3d 308, 316.) We review the record for "materials so clearly pertinent to the issues raised by the *Pitchess* discovery motion that failure to disclose them was an abuse of *Pitchess* discretion." (*People v. Samayoa* (1997) 15 Cal.4th 795, 827.) The record of the trial court's in camera hearing is sealed, and appellate counsel are not allowed to see it. (See *People v. Hughes* (2002) 27 Cal.4th 287, 330.) Thus, on request, the appellate court must independently review the sealed record. (See *Prince*, at p. 1285.)

"A criminal defendant has a limited right to discovery of a peace officer's personnel records. [Citation.] Peace officer personnel records are confidential and can only be discovered pursuant to Evidence Code sections 1043 and 1045." (*Giovanni B. v. Superior Court* (2007) 152 Cal.App.4th 312, 318.) "[O]n a showing of good cause, a criminal defendant is entitled to discovery of relevant documents or information in the confidential personnel records of a peace officer accused of misconduct against the defendant. [Citation.] Good cause for discovery exists when the defendant shows both ' "materiality" to the subject matter of the pending litigation and a "reasonable belief" that the agency has the type of information sought.' [Citation.] … If the defendant establishes good cause, the court must review the requested records in camera to determine what information, if any, should be disclosed. [Citation.] Subject to certain statutory exceptions and limitations [citation], 'the trial court should then disclose to the defendant "such information [that] is relevant to the subject matter involved in the pending litigation." ' " (*People v. Gaines* (2009) 46 Cal.4th 172, 179, last bracketed insertion in original.)

We have reviewed the personnel records of Garcia and McIrvin, and we find no relevant information in them.  We conclude the trial court did not abuse its discretion by deciding not to disclose any records.

## DISPOSITION

The judgment of conviction is affirmed.  The matter is remanded to the trial court for a full resentencing, consistent with the legislative changes discussed herein, effective January 1, 2022.  At the resentencing hearing, the trial court shall resentence defendant consistent with the changes made by Senate Bill 567.  In all other respects, we affirm.