Filed 11/6/23  P. v. Johnson CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RENALDO JOHNSON,<br><br>    Defendant and Appellant. | F084543<br><br>(Super. Ct. No. BF183062A)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

Kristine Koo, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kimberley A. Donohue and Annabella Yousif, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Detjen, Acting P. J., Meehan, J. and Snauffer, J.

## INTRODUCTION

Defendant Renaldo Johnson asks the court to independently review the materials considered by the lower court in the in camera *Pitchess*[1] hearing. Defendant also claims the trial court erred when it imposed the upper term without complying with the requirements under Penal Code section 1170, subdivision (b)(2).[2] We uphold the trial court's ruling on the *Pitchess* motion, deny defendant's claim and affirm the judgment.

## PROCEDURAL SUMMARY

Defendant was charged with one count of reckless evading of a police officer (Veh. Code, § 2800.2, count 1) and it was alleged that defendant was convicted of a prior felony offense (§ 136.1, subd. (c)(1)) within the meaning of the "Three Strikes" law (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)). A jury convicted defendant of the reckless driving, and the trial court found the prior felony allegation true. On June 21, 2022, the trial court sentenced defendant to the upper term of three years, doubled to six years due to the strike.

## FACTUAL SUMMARY

Officers initiated a traffic stop of defendant by activating their vehicle lights and sirens, but defendant fled and drove away. Defendant drove at a high rate of speed, entering and exiting the highway, and ran through several red traffic lights. After driving through another red light, defendant pulled his vehicle over and was arrested.

## DISCUSSION

### I.     *Pitchess* Motion

Defendant asks this court to review the documents from the in camera *Pitchess* hearing to determine whether the trial court abused its discretion in denying the motion

---

[1]     *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

[2]     All further undesignated statutory references are to the Penal Code.

for discovery. The People do not object. Upon review of the record we conclude the trial court did not abuse its discretion and we uphold the ruling.

## A. Relevant Factual and Procedural Background

Defendant filed a *Pitchess* motion seeking discovery of information from the personnel file of Bakersfield Police Officer Seth Palmer for dishonesty. Specifically, defendant sought evidence or complaints related to: "(1) false statements in reports, (2) fabrication of witness testimony in reports, (3) false testimony, (4) falsification of probable cause and/or reasonable suspicion, (5) acts involving moral turpitude, [and] (6) any other evidence of or complaints of dishonesty[.]" (Bold omitted.)

After a hearing on the *Pitchess* motion, the trial court granted the motion for an in camera hearing. After the in camera hearing, the motion for discovery was denied. The court found "none of the records [were] relevant to this case" and ordered no disclosure.

## B. Applicable Law and Standard of Review

In *Pitchess*, the Supreme Court "recognized that a criminal defendant may, in some circumstances, compel the discovery of evidence in the arresting law enforcement officer's personnel file that is relevant to the defendant's ability to defend against a criminal charge." (*People v. Mooc* (2001) 26 Cal.4th 1216, 1219 (*Mooc*).) " 'In 1978, the California Legislature codified the privileges and procedures surrounding what had come to be known as "*Pitchess* motions" … through the enactment of Penal Code sections 832.7 and 832.8 and Evidence Code sections 1043 through 1045.' " (*Id.* at pp. 1219–1220.) "A criminal defendant has a limited right to discovery of a peace officer's personnel records. [Citation.] Peace officer personnel records are confidential and can only be discovered pursuant to Evidence Code sections 1043 and 1045." (*Giovanni B. v. Superior Court* (2007) 152 Cal.App.4th 312, 318.)

The procedure for obtaining discoverable information from law enforcement personnel files is well established. Pursuant to Evidence Code section 1043, subdivision (b), "on a showing of good cause, a criminal defendant is entitled to

discovery of relevant documents or information in the confidential personnel records of a peace officer accused of misconduct against the defendant. [Citation.] Good cause for discovery exists when the defendant shows both ' "materiality" to the subject matter of the pending litigation and a "reasonable belief" that the agency has the type of information sought.' [Citation.] A showing of good cause is measured by 'relatively relaxed standards' that serve to 'insure the production' for trial court review of 'all potentially relevant documents.' [Citation.] If the defendant establishes good cause, the court must review the requested records in camera to determine what information, if any, should be disclosed. [Citation.] Subject to certain statutory exceptions and limitations [citation], 'the trial court should then disclose to the defendant "such information [that] is relevant to the subject matter involved in the pending litigation." ' " (*People v. Gaines* (2009) 46 Cal.4th 172, 179 (*Gaines*).)

"When a trial court concludes a defendant's *Pitchess* motion shows good cause for discovery of relevant evidence contained in a law enforcement officer's personnel files, the custodian of the records is obligated to bring to the trial court all 'potentially relevant' documents to permit the trial court to examine them for itself." (*Mooc*, *supra*, 26 Cal.4th at pp. 1228–1229; *City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 84.) "A law enforcement officer's personnel record will commonly contain many documents that would, in the normal case, be irrelevant to a *Pitchess* motion, including those describing marital status and identifying family members, employment applications, letters of recommendation, promotion records, and health records." (*Mooc*, at p. 1229; see § 832.8.) Irrelevant documents need not be presented to the trial court for an in camera review. However, "if the custodian has any doubt whether a particular document is relevant, he or she should present it to the trial court" and "be prepared to state in chambers and for the record what other documents (or category of documents) not presented to the court were included in the complete personnel record, and why those were deemed irrelevant or otherwise nonresponsive to the defendant's *Pitchess* motion."

(*Mooc*, at p. 1229.) "A court reporter should be present to document the custodian's statements, as well as any questions the trial court may wish to ask the custodian regarding the completeness of the record." (*Ibid*.)

"The trial court should then make a record of what documents it examined before ruling on the *Pitchess* motion" and the transcript of the in camera hearing and all copies of the documents should be sealed. (*Mooc*, *supra*, 26 Cal.4th at p. 1229; see *People v. Samayoa* (1997) 15 Cal.4th 795, 825 [after ruling on the *Pitchess* motion, "[t]he magistrate ordered that all remaining materials be copied and sealed"].) "Such a record will permit future appellate review." (*Mooc*, at p. 1229.)

The trial court's decision as to whether the contents of a police personnel file are discoverable is subject to review under the abuse of discretion standard. (See *Mooc*, *supra*, 26 Cal.4th at p. 1228.) When the trial court reviews an officer's file in camera and then denies disclosure of information, the reviewing court must examine the record of the documents examined by the trial court to determine whether the trial court abused its discretion. (*Id*. at pp. 1228, 1229, 1232; see *People v. Castain* (1981) 122 Cal.App.3d 138, 144–145.) "A trial court is afforded wide discretion in ruling on a motion for access to law enforcement personnel records. The decision will be reversed only on a showing of abuse of discretion." (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 180, citing *People v. Hughes* (2002) 27 Cal.4th 287, 330.)

Any error by the trial court in denying a *Pitchess* motion is reviewed under the *Watson*[3] harmless error standard. (See *People v. Samuels* (2005) 36 Cal.4th 96, 110; *Gaines*, *supra*, 46 Cal.4th at pp. 181–185.)

C.     **Analysis**

Defendant filed a *Pitchess* motion concerning Palmer, seeking discovery of complaints for any false statements or testimony, fabrication of witness testimony,

---

**3**      *People v. Watson* (1956) 46 Cal.2d 818.

fabrication of probable cause or reasonable suspicion, acts of moral turpitude, or any other evidence or complaints of dishonesty. We conducted an independent review of both the in camera proceeding and Palmer's personnel file. We conclude the trial court complied with the proper procedural requirements as set forth in *Mooc*, and created an adequate record of the in camera hearing. (*Mooc*, *supra*, 26 Cal.4th at p. 1228.) After examining the personnel files of Palmer, we further conclude the trial court did not abuse its discretion in denying the release of the personnel files. (See *id*. at pp. 1228–1229; *People v. Samayoa*, *supra*, 15 Cal.4th at p. 827.) We, therefore, uphold the trial court's ruling.

## II. The Trial Court Did Not Violate Section 1170, Subdivision (b) When It Imposed the Upper Term

Defendant contends the trial court erred when it did not require a trial by jury or court to find the factors in aggravation true in its decision to impose the upper term. As such, defendant contends that a remand for resentencing is necessary. The People initially argue defendant forfeited his claim of error by not objecting at sentencing. The People also claim the trial court properly based the upper term on defendant's recidivism and parole status, but that even if the court erred, any error was harmless. Defendant replied that the issue was not forfeited since it was raised before the court at sentencing and that he made his position clear that he should receive the middle term under the new law. We conclude that defendant did not forfeit his claim, but we affirm the sentence.

### A. Relevant Factual and Procedural Background

At the sentencing hearing, defense counsel stated: "I would request the mid-term on this matter, especially considering the new law that took place this year as of January 1st, which is retroactive, where factors in aggravation have to be proved up in front of the jury or found to be true by a judge. [¶] This crime does not involve any violence. [Defendant] did eventually pull over and surrender peacefully. And did not run. He was fairly cooperative once the chase ended. [¶] And I don't believe that upper

6.

term is appropriate in this matter. I would ask that mid-term be applied here and, of course, we did request a *Romero*, understanding the nature of that strike, and when it last occurred. But that would be our request at this time."

The People submitted on the probation office's report. The probation officer testified that the upper term could be reached since "the aggravating factors that have been presented to the [c]ourt are related to the defendant and not specifically this case. The new law requires that aggravating factors be pled and proven when they specifically relate to the offense and that aggravating factors would be applied to determining the upper term for enhancements specifically…. [A]ggravating factors that relate to the defendant, can be used to determine and recommend or justify the upper term in sentencing." After the probation officer's statement, defense counsel had no further comment.

The trial court stated that "imposition of the upper term does present an interesting issue. I don't think we've had an appellate case on this. I've seen arguments both way[s] on whether or not the [c]ourt can impose an upper term based upon factors in aggravation that are not found true by [p]robation in light of the language that is used in the statute itself. Having said that, the [c]ourt recognizes that there is a—to me, a very logical and compelling argument for the use of them when they are really not in dispute and are factors that have either been determined already by a conviction of the defendant or the defendant having entered a plea or admission, that is, prior convictions. [¶] And the [c]ourt can look at the defendant's prior convictions based upon the report of the [p]robation [d]epartment and the [c]ourt believes that the upper term in this case would be justified. [¶] With that the [c]ourt does believe that the [p]robation [d]epartment's [p]robation [o]fficer's report lists numerous terms and convictions which the [c]ourt can simply by reviewing make the following findings."

The trial court listed three factors in support of its decision to impose the upper term: (1) defendant's convictions as an adult were numerous; (2) defendant served

7.

multiple prior prison terms; and (3) defendant was on state parole when the crime was committed. The court stated that "[b]ased upon the dates of the offenses and his parole revocation status, the defendant's prior performance on misdemeanor and felony probation, and the … Department of Corrections and Rehabilitation [(CDCR)], parole was unsatisfactory in that he failed to abide by the terms and continued to re-offend and he was a parolee at large. These are all when he committed the instant offense. [¶] All these factors in and of themselves [are] aggravated and all of them, in [the court's] opinion individually, justify the impositions of the upper term."

### B.     Applicable Law and Standard of Review

Under the former version of section 1170, subdivision (b), when a judgment of imprisonment was to be imposed, and the statute specified three possible terms (lower, middle, and upper), the trial court had broad discretion to select the term that best served the interests of justice and was required to specify the reasons for its sentencing decision. (§ 1170, former subd. (b); Cal. Rules of Court,[4] former rule 4.420(e); *People v. Sandoval* (2007) 41 Cal.4th 825, 846–847.) In making its selection, the trial court could consider the circumstances in aggravation or mitigation (as defined by rules 4.421 & 4.423) "and any other factor reasonably related to the sentencing decision." (Former rule 4.420(d).) The court could rely on "the case record, the probation officer's report, other reports and statements properly received, statements in aggravation or mitigation, and any evidence introduced at the sentencing hearing." (*Ibid*.)

Effective January 1, 2022, section 1170, subdivision (b) was amended by Senate Bill No. 567 to create a "presumption of sentencing judgment not to exceed the middle terms." (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 567 (2021–2022 Reg. Sess.) as amended May 20, 2021, p. 3.) As amended, a trial court may only impose an upper term when the facts underlying the aggravating

---

**4**      All further references to rules are to the California Rules of Court.

circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt by the jury or the court acting as the fact finder.  (§ 1170, subd. (b)(2); *People v. Dunn* (2022) 81 Cal.App.5th 394, 402, review granted Oct. 12, 2022, S275655 (*Dunn*); *People v. Lewis* (2023) 88 Cal.App.5th 1125, 1131, review granted May 17, 2023, S279147.)  Under section 1170, subdivision (b)(3), the trial court "may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3); *Dunn*, at p. 402.)

### C.    Forfeiture

Our Supreme Court has required parties to raise certain issues at the time of sentencing and held the lack of a timely and meaningful objection forfeited or waived the claim.  (*People v. Scott* (1994) 9 Cal.4th 331, 352 [defendant cannot challenge trial court's sentencing choice for the first time on appeal because "defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention" at the time of sentencing]; *People v. Welch* (1993) 5 Cal.4th 228, 234–235 [lack of objection forfeits claims regarding probation conditions]; see also *People v. Anderson* (2023) 88 Cal.App.5th 233, 242, review granted April 19, 2023, S278786 [§ 1170, subdivision (b) issue was forfeited where defendant not only failed to object but suggested the court impose the upper term]; *People v. Flowers* (2022) 81 Cal.App.5th 680, 683–684, review granted Oct. 12, 2022, S276237 (*Flowers*) [§ 1170 issue was forfeited because appellant did not object to the upper term when the sentence was imposed].)

Defendant was sentenced after the amendment to section 1170, subdivision (b) became effective on January 1, 2022.  A review of the record shows all parties were aware of the changes in the law and the court's newly limited discretion, which was discussed at sentencing.  Although defendant did not object to the trial court's imposition of the upper term, he did raise the issue " 'in such a way as to alert the trial court to the

9.

nature of the anticipated' " issue and afford the People an opportunity to establish its response. (See *People v. Williams* (1988) 44 Cal.3d 883, 906; *People v. Partida* (2005) 37 Cal.4th 428, 435 ["A party cannot argue the court erred in failing to conduct an analysis it was not asked to conduct."].) Therefore, the purpose for requiring an objection was served in this case. (See *Partida*, at p. 434 ["to further these purposes, the requirement must be interpreted reasonably, not formalistically"].)

Further, claims regarding an unauthorized sentence can be raised at any time. (*People v. Scott*, *supra*, 9 Cal.4th at p. 354.) "[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case." (*Ibid.*; *People v. Brach* (2002) 95 Cal.App.4th 571, 578 [sentence " 'could not lawfully be imposed under any circumstance in the particular case,' " for example, " 'where the court violates mandatory provisions governing the length of confinement' "].) Here, defendant claims that the imposition of the upper term violates section 1170, subdivision (b), which if true, would be an unauthorized sentence. Therefore, defendant's claim is not forfeited.

### D.     Analysis

As amended, section 1170, subdivision (b)(2) provides that in order "to increase the punishment beyond this middle term maximum, a trial court must now rely on separate aggravating-circumstance findings that it concludes justify upward departure from the presumptive maximum middle term." (*People v. Falcon* (2023) 92 Cal.App.5th 911, 933, review granted Sept. 13, 2023, S281242.) "Sixth Amendment jury-trial-right principles attach to all facts legally essential to imposing an increased sentence" beyond the middle term maximum. (*Ibid.*; *Blakely v. Washington* (2004) 542 U.S. 296, 313 [the constitutional requirement of a jury trial and proof beyond a reasonable doubt applies to a fact that is "legally essential to the punishment"].) We note amended section 1170, subdivision (b)(2) "incorporates this jury trial right by requiring that all

10.

aggravating-circumstance findings relied on to impose a sentence beyond the middle term be found true by a jury beyond a reasonable doubt." (*Falcon*, at p. 933; *Blakely*, at p. 313.) However, the statute creates two types of exclusions from this constitutional jury trial right: aggravating facts stipulated to by the defendant may be considered without a jury finding (§ 1170, subd. (b)(2); *Falcon*, at p. 933; see *Blakely*, at p. 303 [facts admitted by the defendant excepted]) and the sentencing court may also consider prior convictions based on certified records of conviction (§ 1170, subd. (b)(3); *Falcon*, at p. 933; see *People v. Sallee* (2023) 88 Cal.App.5th 330, 337, review granted April 26, 2023, S278690; *Flowers*, *supra*, 81 Cal.App.5th at p. 685, review granted; *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490 [fact of a prior conviction excepted].) Additionally, we note defendant concedes that "section 1170 permits the trial court to consider the defendant's prior convictions based on a certified record."

Here, it is not disputed that the aggravating factors relied upon by the trial court were neither stipulated to by defendant nor found true beyond a reasonable doubt by a jury or judge in a court trial. The question then is whether the aggravating factors relied upon by the court fell within the exception under section 1170, subdivision (b)(3), which allows the court to consider defendant's prior convictions based on the certified record of conviction. Appellate courts have affirmed such sentences where the aggravating factors were proven by the certified record of conviction. (See *Flowers*, *supra*, 81 Cal.App.5th at p. 686, review granted ["appellant's criminal history, prior prison terms, and prior poor performance on probation, are supported by the certified records of convictions"]; *Dunn*, *supra*, 81 Cal.App.5th at p. 404–405, review granted [no error in the trial court's reliance upon the aggravating circumstance of defendant's numerous prior convictions; that defendant was on probation at the time the charged offense was committed was unable to be proven by the certified record of conviction].) Moreover, as it relates to the Sixth Amendment, findings that a defendant's prior convictions are numerous or of increasing seriousness, prior prison term, parole status, and prior unsatisfactory

performance on probation or parole may be determined by the record of prior convictions. (See *People v. Towne* (2008) 44 Cal.4th 63, 79–82; *People v. Black* (2007) 41 Cal.4th 799, 815, 819–820 ["determinations whether a defendant has suffered prior convictions, and whether those convictions are 'numerous or of increasing seriousness' [citation], require consideration of only the number, dates, and offenses of the prior convictions alleged" and a jury determination on these aggravating factors is not necessary if a record of prior convictions support them].)

Although defendant recognizes that a certified record of conviction was entered into evidence, he erroneously argues that the court had "only one prison packet" proving only the one prior strike conviction true. A review of the record shows the trial court had the CDCR's certified record of convictions for defendant, which was received into evidence as Exhibits 5 through 7. The court relied on this certified record when it found true defendant's prior strike conviction of intimidating a witness by force or threat of force (§ 136.1, subd. (c)(1)). However, the certified record was not limited to the one conviction, but includes defendant's entire adult criminal history, as well as prior prison sentences and parole violations.

We note that initially the trial court only mentioned the probation report when it set forth the facts supporting the aggravating circumstances. However, the certified record of conviction had already been entered into evidence and had already been reviewed and considered by the court. When the court stated its basis for the aggravating circumstances, it referenced the "Department of Corrections and Rehabilitation," which further demonstrates the court had and relied on the CDCR certified record when it determined the facts in support of the aggravating circumstances in order to impose the upper term.

Our independent review of defendant's certified record of conviction confirms that it does in fact support and prove the three aggravating circumstances relied on by the trial court in imposing the upper term. Defendant had over 10 convictions as an adult, which

12.

qualifies as numerous (see *People v. Searle* (1989) 213 Cal.App.3d 1091, 1098 [three prior DUI convictions are " 'numerous' "]); defendant served at least five prior prison terms, which qualifies as "multiple"; and the certified record shows defendant would have been on state parole when the present crime was committed (see *People v. Towne*, *supra*, 44 Cal.4th at p. 82 ["defendant's unsatisfactory performance on probation or parole is proved by evidence demonstrating that, while previously on probation or parole, he committed and was convicted of new offenses"]).  The aggravating circumstances were sufficiently proven by the certified record of conviction and did not need to be submitted to a jury.  (See § 1170, subd. (b)(3); see also rule 4.421(b)(2), (3), (4).)  Nor did we consider the probation report as it is not a certified record of conviction. (See *Dunn*, *supra*, 81 Cal.App.5th at p. 403, review granted; see also Evid. Code, § 452.5, subd. (b)(1).)

Additionally, even if the certified record of conviction was insufficient to prove all three of the factors in aggravation, the trial court made clear its intention to impose the upper term even if it had only one of the aggravating factors.  The court stated, "[a]ll these factors in and of themselves [are] aggravated and all of them, in [the court's] opinion individually, justify the impositions of the upper term."  Consequently, we conclude the trial court did not err in imposing the upper term under these circumstances.

## DISPOSITION

We affirm the judgment.